[Crim. No. 2633. Fourth Dist., Div. One. Apr. 13, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. LEON RAY HAYS, Defendant and Appellant.

Leon Ray Hays, in pro. per., and Michael B. Witte, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Philip Siracuse, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—Leon Ray Hays appeals from a judgment of conviction entered upon a jury verdict of second degree burglary (Pen. Code, §§ 459, 460). Hays admitted two earlier felony convictions.

At 4:50 a.m., January 10, 1966, Hays was arrested, warned of his constitutional rights required by *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], and searched. He had $173 on him.

On January 11, 1966, Police Officer Donald Newby advised Hays of his *Dorado* constitutional rights, obtained his signature on a waiver form, and interrogated him about a burglary which had occurred at his employer's flower shop the night of his arrest. Hays replied he must have done it; he gave Newby consent to search his car. Newby left and searched the car, finding a roll of five cent stamps and a screwdriver. Upon his return Newby asked Hays about the stamps. Hays replied: "Well, yes, I guess I must have taken them when I took the money." Newby then asked if he would like to talk with Helen Davis, his co-employee and girl friend. Hays said yes. Newby contacted Mrs. Davis.

On January 12, 1966, Mrs. Davis and Hays met in the city jail lineup room. Before Mrs. Davis could speak, Hays blurted out: "Well, I did it." Their conversation was recorded by electronic device. Hays was not warned of any constitutional rights on that date. Over objection, the recording was admitted into evidence.

 Hays contends in all instances he should have been warned of his right to appointed counsel. Trial occurred in March 1966. This warning applies only in cases in which trial began after June 13, 1966 (*People* v. *Rollins,* 65 Cal.2d 681 [56 Cal.Rptr. 293, 423 P.2d 221]; *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]; *People* v. *Nicolaus,* 65 Cal.2d 866, fn. at 879 [56 Cal.Rptr. 635, 423 P.2d 787]).

 Hays asserts he should have been advised of his constitutional rights at the time the conversation was recorded. Twice before he had been warned of his rights and had signed a waiver form. None was required in this instance.

 A warning is not required unless the police are engaged in a process of interrogation lending itself to elicit-

ing incriminating statements (*Escobedo* v. *Illinois*, 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758] ; *People* v. *Dorado, supra,* 62 Cal.2d 338). This requirement and others are " ' . . . designed to prevent the use of coercive practices to extort confessions or other incriminating statements. [Citations.] It does not protect a defendant from revealing evidence against himself in other ways. It applies only when ''the police carry out a process of interrogations that lends itself to eliciting incriminating statements, . . .'' ' (*People* v. *Graves,* 64 Cal.2d 208, 210-211 [49 Cal.Rptr. 386, 411 P.2d 114] [cert. denied 285 U.S. 883 [17 L.Ed.2d 111, 87 S.Ct. 285] ; see also *Schmerber* v. *California,* 384 U.S. 757 [16 L.Ed.2d 908, 917, 86 S.Ct. 1826].)'' (*People* v. *Arguello,* 65 Cal.2d 768, 775 [56 Cal.Rptr. 274, 423 P.2d 202].)

▮ Deception alone does not render statements inadmissible unless of a type reasonably likely to procure an untrue statement (*People* v. *Arguello, supra,* 65 Cal.2d 768, 775; *People* v. *Atchley,* 53 Cal.2d 160, 171 [346 P.2d 764]; *People* v. *Bowman,* 240 Cal.App.2d 358, 371-372 [49 Cal.Rptr. 772]). Accordingly, statements elicited by agents on behalf of police are inadmissible where their procurement, in the absence of a warning, may involve coercing an untrue statement from the defendant (*People* v. *Arguello,* 63 Cal.2d 566 [47 Cal.Rptr. 485, 407 P.2d 661]; *People* v. *Flores,* 236 Cal.App.2d 807 [46 Cal.Rptr. 412]). Statements to fellow prisoners or codefendants not acting on behalf of police are admissible, because they are not the result of interrogation prompted by police, likely to coerce an untrue statement (*People* v. *Boulad,* 235 Cal.App.2d 118 [45 Cal.Rptr. 104]; *People* v. *Bazaure,* 235 Cal.App.2d 21 [44 Cal.Rptr. 831]; *People* v. *Ross,* 236 Cal.App.2d 364 [46 Cal.Rptr. 41]). This should apply equally to a visitor of a defendant not acting on behalf of police.

Officer Newby contacted Mrs. Davis and arranged her meeting with Hays. This alone did not constitute a process of interrogation lending itself to eliciting statements from Hays with the danger of coercion. Although Newby undoubtedly offered to make Mrs. Davis available to learn what Hays might say, he neither sent her to elicit statements nor discussed with her what to say. Mrs. Davis' and Hays' statements were voluntary. The record does not show the police did anything before this conversation which directly or subtly influenced Hays' statements to Mrs. Davis. There was no

danger of directly or indirectly inducing statements reasonably likely, by coercion or compulsion, to be untrue.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 7, 1967.