[Crim. No. 332.   Fifth Dist.   Sept. 22, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. HAROLD
EDWIN PETKER, Defendant and Appellant.

Jerry C. Duke for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Doris H. Maier,
Assistant Attorney General, and Raymond M. Momboisse,
Deputy Attorney General, for Plaintiff and Respondent.

STONE, J.—Mrs. Tang and her husband were the proprietors of a variety store. She was murdered in the course of a robbery during which she was struck at least 30 times. Some of the blows were inflicted by use of a blunt instrument, presumably a footstool which was broken into several pieces; she also suffered stab wounds inflicted by a sharp instrument, apparently a broken bottle.

The evidence amply supports the conviction of appellant, a 17-year-old boy whose bloody fingerprints were found at the scene of the murder. Indeed, appellant's sole ground for reversal is that the court erred in admitting in evidence an admission of guilt made by appellant to his mother shortly after he had confessed. The statement was made in the presence of several police officers.

Before interrogating appellant at police headquarters, the officers advised him of his constitutional rights, according to pre-*Miranda* standards (*Miranda* v. *Arizona*, 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]). He made a complete confession, but as the case was tried after *Miranda* came down no mention of the confession was made in the presence of the jury. However, a statement made by appellant to his mother after the interrogation was completed was received in evidence. The statement constituted an admission that he killed Mrs. Tang.

The facts leading up to the questioned statement are these: The police arrested appellant and took him to the police station about 2 p.m. They immediately notified his parents of his arrest and his whereabouts. Mr. and Mrs. Petker arrived at the police station about 4 p.m. while appellant was being interrogated. They were required to wait in the front or office part of the police headquarters until about 6 p.m., when they were permitted to see appellant in his cell. Before taking the parents to see him, the officers told them that appellant had confessed and of some of the evidence that substantiated the confession. The officers accompanied the parents to their son's cell. The father said to him. "You didn't do it, did you? I know how much pressure these fellows can put on you." Appellant apparently ignored the father's question; at least he did not answer. The mother then said, "Why did you do it?"; to which appellant replied, "She kept screaming." There was no further conversation concerning the crime.

Appellant argues that just as his confession to the officers was kept out of evidence because he had not been advised of his constitutional rights as required by *Miranda,* his state-

ment to his mother in the presence of the officers should have been kept out for the same reasons.

Certainly the presence of the officers at the time appellant talked with his parents is not of controlling significance since the officers did not question appellant; they were simply bystanders. ■ The presence of officials during visitation between an inmate in a jail and a third person does not, when merely incidental, constitute an invasion of privacy nor the denial of a right guaranteed by the Constitution. There is no right of privacy in a jail (*People* v. *Lopez,* 60 Cal.2d 223, 248 [32 Cal.Rptr. 424, 384 P.2d 16] ; *People* v. *Boulad,* 235 Cal. App.2d 118, 126 [45 Cal.Rptr. 104]) except under special circumstances such as an inmate's right to confer with his attorney.

■ It is now settled that statements voluntarily made by a suspect while in custody, but not as the result of police interrogation, are admissible in evidence. For example, statements made by a defendant to a cellmate were held admissible in *People* v. *Lookadoo,* 66 Cal.2d 307, 322-323 [57 Cal.Rptr. 608, 425 P.2d 208], and statements made to a television news reporter (*People* v. *Price,* 63 Cal.2d 370 [46 Cal.Rptr. 775, 406 P.2d 55]) and to a sound news film reporter (*People* v. *Massie,* 66 Cal.2d 899, 909 [59 Cal.Rptr. 733, 428 P.2d 869]) were also held admissible. The courts have even held that statements of a defendant overheard without his knowledge or permission are admissible in evidence. For example, in *People* v. *Bazaure,* 235 Cal.App.2d 21 [44 Cal.Rptr. 831] ; *People* v. *Boulad, supra;* and *People* v. *Ross,* 236 Cal.App.2d 364 [46 Cal.Rptr. 41], statements of defendants overheard by the police while listening in on conversations between two or more suspects in adjoining cells were held admissible. In none of these cases was the statement induced by the police. *People* v. *Bowman,* 240 Cal.App.2d 358, 368-373 [49 Cal.Rptr. 772], goes a step further in holding that a statement obtained by monitoring a telephone call the officers induced a suspect in custody to make to a suspect not in custody, was properly admitted in evidence.

■ The officers, here, in no way encouraged the parents to come to the jail or to speak with appellant. It is true they notified them their boy was under arrest and at police headquarters, as required by Welfare and Institutions Code, section 627, but the parents voluntarily came to police headquarters and asked to see their son.

*People* v. *Hays,* 250 Cal.App.2d 96 [58 Cal.Rptr. 241],

presents facts quite similar to those before us; if anything, the facts in *Hays* are more extreme in that there the officer arranged for the defendant's girl friend to visit him, hoping he would blurt out, "Well, I did it," just as he did. In holding the statement to be admissible despite the complicity of the officer, the court said, at page 129: "Deception alone does not render statements inadmissible unless of a type reasonably likely to procure an untrue statement. . . ." (See cases cited therein.)

It is reasoned that statements made under circumstances such as those before us are admissible even though made by a defendant while in custody, because they are not obtained by police interrogation or coercion and they are not elicited by practices reasonably likely to produce an untrue statement.

The judgment is affirmed.

Conley, P. J., and Gargano, J., concurred.