ROBERT O'BRIANT, Appellant, *v.* THE STATE OF
NEVADA, Respondent.

No. 3796

April 2, 1956.                                    295 P.2d 396.

(See also 70 Nev. 368)

*Samuelson and Johnson,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General; *A. D. Jensen,*
District Attorney, Washoe County, *William J. Raggio*
and *Emile J. Gezelin,* Assistant District Attorneys, for
Respondent.

## OPINION

By the Court, MERRILL, C. J.:

This is an appeal from judgment of conviction of the crime of arson. Appellant's first and principal contention is that the evidence as a matter of law is insufficient to support the jury verdict of guilt.

Appellant (defendant) was the proprietor of a music store located in Reno known as the Modern Music Center. The fire occurred in a service room in the rear of the store on May 30, 1952. It was reported both to the central fire station and to the defendant shortly after seven o'clock p.m. Fire-fighting equipment arrived at 7:10 p.m. One of the firemen arriving at that time testified that the fire had just vented itself through a rear

window. From this fact, and considering the characteristics of the room, he expressed the opinion that the fire had then been burning from 20 to 30 minutes.

As to the corpus delicti the evidence stands without substantial dispute. The testimony of experts establishes that the fire in fact was composed of two independent and unconnected fires: one in the northeast corner and one in the southeast corner of the room. These fires were separated to a distance of about 12 feet by a booth which projected out into the room from the east wall. The fact that the fires were separate and unconnected with each other was established by testimony as to the charred condition of the flooring and the rafters. In each corner there was deep char on both floor and rafters. Between the two, in front of and above the booth, there was no char. The depth of char in each corner likewise indicated that the two fires had been ignited at substantially the same time. "Incendiary origin of a fire is generally established by circumstantial evidence such as the finding of separate and distinct fires on the premises." People v. Sherman, 97 Cal.App.2d 245, 217 P.2d 715, 718; People v. Hays, 101 Cal.App.2d 305, 225 P.2d 600. Further pointing toward the incendiary character of the fires was the fact that tests of flooring in each burned corner indicated the presence of petroleum residue. There can be no question but that these facts are ample to support a determination that the fire was incendiary in its nature. There is, then, evidence to establish the corpus delicti.

Defendant contends that the facts are wholly consistent with innocence. He asserts the proposition, since proof of guilt is dependent upon circumstantial evidence, that where two theories can reasonably be deduced from the evidence, one leading to a conclusion of innocence and one to guilt, the jury must adopt the theory leading to innocence and acquit the defendant.

Applying this proposition to the facts of the case,

defendant advances the theory that the two fires were in fact connected and constituted but a single fire. He insists that while the fire could not have crossed the floor from one corner to the other, it was still reasonably possible that its route had been up the side of the booth, across its top and down the other side to the far corner of the room. This theory, however, requires the rejection of positive testimony that there was no indication of fire on top of the booth: testimony which the jury was entitled to and apparently did believe.

Defendant also advances the theory that the presence of petroleum residue and the apparent existence of two simultaneous fires is explainable through the possibility of explosion of inflammable liquids which were present in the northeast corner. This theory, however, does not fully or satisfactorily explain the apparent simultaneous ignition of the two fires and other testimony given relative to the pattern of burning which was regarded by an expert witness as indicative of a deliberate drenching with inflammable liquids. The theory also disregards testimony rendering improbable the fact that explosion of thin-walled containers, such as held the inflammables in this case, would throw their contents the necessary distance.

Under the circumstances the jury may well have felt that the theory that the fire was incendiary was the only theory reasonably suited to all of the facts.

The evidence connecting the defendant with the crime was subject to substantial dispute. It is admitted that defendant was at the scene the afternoon of the fire. Defendant and the members of his family contend that he had left the premises approximately an hour before the fire was discovered. For the State, witnesses testified to seeing him at the scene a matter of minutes before the fire was discovered. Several witnesses testified to conversations with the defendant in which he admitted having been at the store but ten minutes before the fire was reported to him. One witness testified to a statement by defendant that he had left the store at exactly

seven o'clock. Clearly there was evidence from which the jury could have believed that the defendant was present in the store at the very moment that the fire had been ignited. Such evidence not only serves to connect the defendant with the crime but also tends to strengthen the proof of corpus delicti.

In our view defendant's contention that the evidence is insufficient to support the jury verdict is without merit.

Defendant assigns as error the admission of certain photographs of the scene showing the charred condition of various portions of the room. Defendant contends in this respect that the photographs demonstrate that they are defective and do not truthfully represent the subjects which they purport to portray. No objection to the admission of this evidence upon this ground was made and accordingly we must reject this contention.

Defendant assigns as error the refusal of the court to permit him to cross examine one of the State's witnesses to establish bias and prejudice on the part of the witness. In this respect defendant's offer of proof at the time of trial was to the effect that the wife of the witness had at one time engaged in an altercation with one of the employees of the defendant. The lower court ruled that the proposed evidence was immaterial as remote, in that it did not directly involve either the witness or the defendant. In our view the evidence was properly excluded. State v. Cullens, 168 La. 976, 123 S. 645; Hargraves v. State, 105 Tex.Cr. R. 227, 288 S.W. 225.

Defendant assigns as error the admission of certain rebuttal testimony with respect to the nonexistence of char in the flooring in front of the booth and between the two fires: a subject thoroughly covered in the State's case in chief. It is claimed that defendant's witnesses

did not testify that this area was charred and that the subject, therefore, was not a proper one for proof on rebuttal. There was evidence given by the defendant, however, indicating that fire was general throughout the eastern portion of the back room. At one point the defendant himself interjected, "They replaced half the floor in the back room." Furthermore, the jury was given a view of the premises at which time they could not have avoided observing the substantial new flooring which had been placed in the room. The rebuttal witness was the contractor who had replaced the flooring. The testimony to which the defendant objects was to the effect that there was no char in the flooring between the two corners and in front of the booth; that the flooring at that point had been replaced not because of char but because of discoloration and water damage. In our view it was not error under the circumstances to permit the testimony to be given on rebuttal.

Defendant assigns as misconduct on the part of the State certain remarks made by counsel for the State in summation to the jury in which defendant contends the prosecutor misstated or misconstrued the evidence. As to none of these remarks, however, was any objection made by counsel for the defense at the time of trial. Nor was any request made that the jury be instructed to disregard them. This assignment of error is not, then, available to the appellant. State v. McMahon, 17 Nev. 365, 30 P. 1000; State v. Boyle, 49 Nev. 386, 248 P. 48.

Defendant assigns as abuse of discretion the refusal of the trial court to grant new trial upon the ground of newly-discovered evidence. The evidence in question would have been given by certain California witnesses who had conducted experiments with reference to the inflammable characteristics of polishing cloths identical to some which were stored in the room in which the fire occurred. The evidence would have tended to establish

the fact that such cloths had been known to be subject to spontaneous combustion. The jury was well aware of the fact, however, that inflammable and combustible materials were present in the back room and of defendant's theory that such materials had caused the fire. While the new evidence may have added support to such theory, it would not have tended to dispute proof of the corpus delicti upon which the jury apparently relied and which was wholly inconsistent with that theory. Under the circumstances denial of new trial was not an abuse of judicial discretion. Accord: State v. Willberg, 45 Nev. 183, 200 P. 475.

Affirmed.

BADT and EATHER, JJ., concur.