R. DALE COOK, Appellant, *v.*
STATE OF NEVADA, Respondent.

No. 4291

February 22, 1961                    359 P.2d 483

*R. Dale Cook,* of Caliente, in pro. per.

*Roger D. Foley,* Attorney General of Nevada, and *Roscoe H. Wilkes,* District Attorney of Lincoln County, for Respondent.

# OPINION

By the Court, BADT, C. J.:

This is an appeal from a judgment finding appellant guilty of forgery, based upon the jury's verdict.

Appellant, an attorney disbarred from practice in this state, accepted a retainer from one Joan E. O'Haver in connection with divorce proceedings to be instituted on her behalf. When she learned that he had been disbarred, she consulted the district attorney who arranged for her to continue with appellant and complete her arrangement with him. Some half dozen conferences were had between Mrs. O'Haver and appellant. At her final meeting with him, he delivered to her what purported to be a certified copy of a divorce decree and accepted balance of fee. This payment was made in marked bills. As soon as she left his office, the peace officers entered and arrested him and found the marked bills in his possession.

An information was filed against him charging him, in the first count, of obtaining $150 from Mrs. O'Haver by false pretenses and, in the second count, of forgery in uttering, publishing, and passing a counterfeit and forged document with intent to damage and defraud Mrs. O'Haver. The jury was instructed that it could find the defendant guilty on only one count. No question is raised as to this instruction or as to the information itself.

At the conclusion of the trial, the jury was handed appropriate forms of verdict as to each count separately and returned a verdict of finding him guilty of forgery. He presents seven assignments of error.

We may dispose of the first three assignments

together. He first assigns error in the court's denial of his motion to suppress certain evidence. This evidence consisted of the marked bills with which Mrs. O'Haver paid the fee and costs in the divorce action. The ground of his motion was that the evidence had been unlawfully obtained because he had been unlawfully arrested without a warrant and not under the statutory circumstances justifying his arrest without a warrant. The second assignment is that the court improperly commented on the testimony of Mrs. O'Haver. The third is that appellant was unduly limited as to the time within which he could recall a witness. A careful examination of the record indicates that these three assignments had to do with the charge of obtaining money under false pretenses. As he was not convicted of this crime, the rulings were without prejudice. We should add, however, that notwithstanding such conclusion, careful attention has been given to the record and the briefs with reference to these three assignments, and we find them in any event without merit.

The fourth assignment of error is the denial of appellant's motion for new trial made on the ground of newly discovered evidence, namely, the evidence apearing from affidavits of two members of the jury stating that they based their verdict entirely upon instruction No. 23 and without regard to the other instructions—38 in all. Instruction No. 23 gives the statutory definition of forgery. The affidavits evidence nothing more than a lame attempt of the two jurors to impeach their own verdict, which they will not be heard to do. Pinana v. State, 76 Nev. 274, 352 P.2d 824. It should be noted that the jury received the regular instruction that the instructions should be regarded as a whole and not disconnectedly and that each instruction is equally as binding as any other.

Appellant's fifth assignment asserts that the court erroneously failed to admonish the district attorney for using inflammatory statements in his closing argument.

Appellant made no objection, no assignment of misconduct, no request for an instruction that the district attorney's remarks be disregarded. The assignment is not now available to him. State v. Boyle, 49 Nev. 386, 248 P. 48.

Appellant's sixth assignment is that the court abused its discretion in denying appellant's application for probation. In denying probation the district judge filed a seven-page opinion in support of his decision. He referred at length to appellant's record. To repeat that record here would only serve further to injure appellant's reputation. Under the statutory provisions governing suspension of sentence and probation, NRS 176.300 to 176.350, inclusive, a wide discretion is vested in the district judge. We find no abuse in his exercise thereof.

Appellant's last assignment of error is the insufficiency of the evidence to warrant the verdict of the jury, and likewise the court's denial of his motion for new trial based on this ground. Of the 328 pages of the transcript, the large volume of pleadings, and the numerous exhibits, we find that almost all such material had to do with the count of obtaining money under false pretenses, on which count, as we have noted, the jury returned no verdict. On the count of forgery there was admitted in evidence the document prepared by the appellant and delivered to Mrs. O'Haver at the time she made the final payment to appellant. It is entitled in the Eighth Judicial District Court of the State of Nevada, in and for Clark County. Joan E. O'Haver, plaintiff v. Lloyd Martin O'Haver, defendant. It is given "Case No. 93816." It is labeled "Decree of Divorce," and it is bound in a conventional legal cover. It contains all the regular recitals of a default divorce decree and orders the dissolution of the marriage and the awarding of the custody of the two minor children to the plaintiff. It bears the typewritten signature of a visiting judge from another district in the state and shows the name of a duly licensed Las Vegas

attorney, with his office address in that city, as the attorney for plaintiff. It is followed by the regular printed form of certification of copy used by the county clerk of Clark County certifying the copy to be a full, true, and correct copy of the original decree of divorce in said action "now on file and of record in this office." It is issued under the hand of Helen Scott Reed, the county clerk of Clark County, whose name is printed thereon by a written signature reading Loretta Baker, deputy clerk, and bears the faint imprint of a seal. The evidence shows that the Las Vegas attorney referred to in the spurious document had nothing to do with the same; that no such case was ever filed or pending in Clark County under the given filing number or any other number; that no such decree was ever entered; that no clerk or deputy clerk of Clark County ever issued the certification of copy; and that there was no such deputy clerk as Loretta Baker. The evidence of the forgery was conclusive.

Affirmed.

PIKE and McNAMEE, JJ., concur.