[Crim. No. 10863. Second Dist., Div. Four. Feb. 1, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. DONALD ALBERT CRABTREE, Defendant and Appellant.

James A. Wallace, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

FILES, P. J.—Defendant was charged by information with petty theft with a prior conviction of petty theft (Pen. Code, § 666). He pleaded not guilty and admitted the prior conviction. Following a jury trial he was found guilty as charged and has appealed from the judgment.

On August 4, 1964, at about 12 noon, defendant entered a Food Giant market in Canoga Park. Joseph Muscarella, a security agent employed by the market, saw him walk to the meat department and pick up a package of meat. Next defendant walked over to the soup aisle and placed the meat under his shirt. Then he selected a quart of milk, proceeded to the checkstand and paid for the milk, but failed to pay or offer to pay for the meat concealed under his shirt.

As defendant left the market, Mr. Muscarella approached him, identified himself as a special agent for Food Giant, and informed defendant that he was placing him under arrest

for theft. After a short scuffle, defendant dropped the milk and ran. While he was running he removed the meat from inside his shirt and threw it to the ground. Mr. Muscarella caught defendant and took him into an office in the rear of the market. Defendant was asked for some identification but stated that he had none. He was then asked to empty his pockets, whereupon he produced several dollar bills. Mr. Muscarella then asked why he had not paid for the meat, and defendant replied that he didn't want to spend his money, he wanted to save his money.

Defendant took the witness stand on his own behalf and testified that Mr. Muscarella had given him the meat inside the market, telling him that it was defective and that he would not have to pay for it.

 Defendant's sole contention on appeal is that the introduction into evidence of the statement he made to Mr. Muscarella after he had been taken into custody was prejudicial error which entitled him to a reversal under *Escobedo* v. *Illinois,* 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977], and *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361].

Under the *Escobedo-Dorado* rule statements made by the defendant are inadmissible when elicited under certain circumstances, one of which is that "the authorities had carried out a process of interrogations that lent itself to eliciting incriminating statements." (62 Cal.2d at p. 353.)

Here the inquiry made by Mr. Muscarella, who was a private citizen, is not within that rule. (See *People* v. *Cotter,* 63 Cal.2d 386, 393 [46 Cal.Rptr. 622, 405 P.2d 862].)

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 30, 1966.