DONALD SCHAUMBERG AND WILLIAM R. COX, APPELLANTS, v. THE STATE OF NEVADA, RESPONDENT.

No. 5065

October 11, 1967                                    432 P.2d 500

*Carl F. Martillaro,* of Carson City, for Appellants.

*Harvey Dickerson,* Attorney General, *John Chrislaw,* District Attorney, Douglas County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

This is an appeal from the conviction of defendants Donald Schaumberg and William Cox for the crime of conspiracy to cheat and defraud Harrah's Club at Lake Tahoe in the sum of $5,000 by placing a false jackpot on a slot machine, in violation of NRS 199.480. They were tried jointly.

Schaumberg was a slot machine repairman employed at Harrah's. Cox, his brother-in-law, was visiting at Schaumberg's home. Shortly after 6:00 a.m. on September 21, 1964, Schaumberg was observed working on a dollar slot machine by a pit boss of Harrah's, Ovlan Fritz. After performing some mechanics within the machine, he adjusted it so that it was turned partially on the base plate and then left the area. Immediately thereafter, Cox went to the machine, moved it

squarely onto the base plate, whereupon it registered a $5,000 jackpot. Fritz reported what he saw to two other supervisors. Together with a security guard employed by Harrah's, they asked Cox to accompany them to the security office. Leaving him in the office, they proceeded to locate Schaumberg whom they found in a washroom. Schaumberg accompanied them to the manager's office. The security guard remained outside the office while two of the supervisors, Howland and Curry, questioned Schaumberg. In all, four supervisors testified Schaumberg admitted that he had rigged the slot machine because Cox needed money.

Three assignments of error are propounded in this appeal, but our attention is focused on whether the substance of Escobedo v. Illinois, 378 U.S. 478 (1964), and the admonitions of Miranda v. Arizona, 384 U.S. 436 (1966), apply when confessions or admissions otherwise admissible are given to persons who are not officers of the law nor their agents. We think not.

1. The purport of Escobedo and Miranda is to prevent oppressive police tactics which violate individual rights and produce involuntary confessions. Though Miranda said there can be no doubt that the Fifth Amendment privilege is available to protect persons from being compelled to incriminate themselves in all settings in which their freedom of action is curtailed, it is clear that the thrust of the decision was aimed against the "potentiality for compulsion" (Miranda v. Arizona, supra, at 457) found in custodial interrogation initiated by police officers. People v. Frank, 275 N.Y.S.2d 570 (1966); People v. Santiago, 278 N.Y.S.2d 260 (1967); People v. Crabtree, 49 Cal.Rptr. 285 (1966); People v. Wright, 57 Cal.Rptr. 781 (1967); People v. Hays, 58 Cal.Rptr. 241 (1967); State v. O'Kelly, 150 N.W.2d 117 (Neb. 1967); Ibsen v. State, 83 Nev. 42, 422 P.2d 543 (1967).

2. Though the requirements of the Miranda admonitions and the substance of Escobedo are obviated in the present setting, we must nevertheless be concerned that the statements made by the defendant were voluntary and not the product of coercion. To be admissible as evidence, a confession (or admission) must be made freely, voluntarily and without compulsion or inducement, whether made to police officers or to private persons. People v. Frank, supra; People v. Berve, 332

P.2d 97 (Cal. 1958). NRS 199.460 affords this protection, but that statute is limited to persons whose confessions are forced while they are under arrest.

However, in our consideration of the record in this case, we find no evidence that the admissions made by the defendant Schaumberg were not voluntarily given. Under all of the tests as we know them, there was no cause for fear since the detention was not accomplished by threat, compulsion or force. Until the sheriff's officers arrived, Schaumberg and Cox were not under arrest. They could have remained silent. The admissions made by Schaumberg were properly admitted into evidence.

3. The appellants contend that the information filed was not proper and a conviction based thereon cannot stand. We note that the appellants did not choose any of the procedures outlined in the statutes to raise the question in the proceedings below and now present the issue for the first time.[1] Since it is apparent the defense was conducted with full understanding of the charge, without prejudice to any substantive rights of the defendants, we reject this assignment of error for failure to properly raise objection in the trial court. O'Briant v. State, 72 Nev. 100, 295 P.2d 396 (1956); Garner v. State, 78 Nev. 366, 374 P.2d 525 (1962).

4. The appellants further contend the trial court committed error in failing to give a requested cautionary instruction relating to oral confessions.[2]

After examining all of the instruction given by the trial court regarding oral confessions, it is our opinion that the subject matter was properly and fully treated. Hence, the refusal was not error. Cranford v. State, 76 Nev. 113, 349 P.2d 1051 (1960); Cook v. State, 77 Nev. 83, 359 P.2d 483 (1961); Kuk v. State, 80 Nev. 291, 392 P.2d 630 (1964); Beasley v. State, 81 Nev. 431, 404 P.2d 911 (1965).

Affirmed.

THOMPSON, C. J., and COLLINS, J., concur.

---

[1] See NRS 174.230, 174.310.

[2] "You are admonished that you are to view with caution the testimony of any witnesses which purports to relate an oral admission of the defendant or an oral confession by him."