EDWARD MARK HARRIS, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5303

October 25, 1967                    432 P.2d 929

*Melvin Schaengold,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Virgil D. Dutt,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

This is an appeal from the conviction of Edward Mark Harris for the possession of a tear gas weapon in violation of NRS 202.380.

On July 27, 1966 Harris entered a super market in Reno and was observed by store personnel to be shoplifting several cartons of cigarettes. A police officer was summoned. The officer placed him under arrest and searched him. The search produced a tear gas pen. He was convicted for possession of a tear gas device in violation of the statute. This appeal followed. We affirm.

1. As his first assignment of error Harris challenges the constitutionality of NRS 202.380[1] as an infringement of the

---

[1]NRS 202.380. *"Sale, possession of tear gas bombs, weapons without permit unlawful; exceptions.*

"1. After March 26, 1955, every person, firm or corporation who

Second Amendment of the U. S. Constitution. The amendment reads: "A well-regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed."

That amendment applies only to the Federal Government and does not restrict state action. United States v. Cruikshank, 92 U.S. 542 (1875); Presser v. Illinois, 116 U.S. 252 (1886). The right to bear arms does not apply to private citizens as an individual right. United States v. Miller, 307 U.S. 174 (1938); Cases v. United States, 131 F.2d 916 (1st Cir.), cert. denied 319 U.S. 770 (1942), rehearing denied 324 U.S. 889 (1945); United States v. Tot, 131 F.2d 261 (3rd Cir. 1942), reversed on other grounds 319 U.S. 463 (1943); United States v. Adams, 11 F.Supp. 216 (S.D.Fla. 1935).

2. In the absence of state or federal constitutional restraints authority of the states to regulate weapons comes from their police powers. Biffer v. City of Chicago, 116 N.E. 182 (Ill. 1917); People v. Brown, 235 N.W. 245 (Mich. 1931). Tear gas pens are a proper subject for state regulation. People v. Anderson, 260 N.Y.S. 329 (1932); Village of Barboursville ex rel. Bates v. Taylor, 174 S.E. 485 (W.Va. 1934).

3. Further, the appellant seeks to declare NRS 202.400[2] an unconstitutional delegation of authority because it enables the Director of the Nevada Highway Patrol to issue permits

within the State of Nevada knowingly sells or offers for sale, possesses or transports any form of shell, cartridge or bomb containing or capable of emitting tear gas, or any weapon designed for the use of such shell, cartridge or bomb, except as permitted under the provisions of NRS 202.370 to 202.440, inclusive, shall be guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for a term not to exceed 2 years or by a fine not to exceed $2,000, or by both fine and imprisonment. * * *"

[2]NRS 202.400. *"Permit for possession, transportation, protective system, to be issued by director of Nevada highway patrol.*

"1. It shall be lawful for the director of the Nevada highway patrol to issue a permit for the possession and transportation of such shells, cartridges, bombs or weapons upon proof to the director that good cause exists for the issuance thereof to the applicant for such permit.

"2. The permit may also allow the applicant to install, maintain and operate a protective system involving the use of such shells, cartridges, bombs or weapons in any place which is accurately and completely described in the application for the permit."

for these devices "upon proof that good cause exists for issuance thereof," urging this statute affects the validity of NRS 202.380. However, Harris was not charged under that statute. He was charged and convicted of violating NRS 202.380, having the tear gas pen in his possession.

A violation of the possession statute is distinct from violation of the permit statute. Castellano v. United States, 350 F.2d 852 (10th Cir. 1965); certiorari denied, 383 U.S. 949 (1966); see also Haynes v. United States, 372 F.Supp. 651 (5th Cir. 1967), now before the U.S. Supreme Court. Harris never made application for a permit. Thus, it is not necessary to determine the validity of NRS 202.400 since the appellant's rights are not affected. He is without standing to challenge the constitutionality of that statute. Ex parte Zwissig, 42 Nev. 360, 178 P. 20 (1919).

4.   The appellant contends the lower court committed reversible error in refusing to give two requested instructions, to wit:

"1.   You are instructed that the word, 'knowingly,' as used in NRS 202.380, implies on the part of the defendant a knowledge and a purpose to do wrong and unless you find in the evidence that the defendant had no reasonable grounds for believing his possession of a tear gas pen to be lawful he is entitled to be acquitted.

"2.   You are instructed that the word, 'wilful,' as used in these instructions means an act done with a bad purpose or without justifiable excuse or without ground for believing that the conduct for which the defendant is charged was lawful."

Citations are unnecessary for the proposition that requested instructions must properly state the law. The appellant can claim no right to have requested instructions given when they do not correctly state the law. Without such right a refusal is not error.

The requested instructions do not correctly state the law regarding the possession of weapons. Possession statutes require no particular scienter, only knowledge of the presence and character of the object. It is not necessary that there be knowledge on the defendant's part that possession was in violation of a statute. United States v. DePugh, 266 F.Supp. 417 (W.D.Mo. 1967); People v. Prochnau, 59 Cal.Rptr. 265

(Dist.Ct.App. 1967); People v. Weisman, 229 N.Y.S.2d 171 (1962); People v. Taylor, 40 P.2d 895 (Cal. 1935).

Affirmed.

THOMPSON, C. J., COLLINS, J., BATJER, J., and MOWBRAY, J., concur.