WILLIE RICHARD HARDISON, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5197

February 6, 1968                    437 P.2d 868

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, *Alan R. Johns* and *Addeliar Guy,* Deputy District Attorneys, Clark County, for Respondent.

# OPINION

By the Court, ZENOFF, J.:

Jerry Mackta returned to his apartment at about 10:00 p.m. of the evening of July 3, 1964. He parked his car behind a red Pontiac automobile which, in turn, was parked in front of the apartment. Mackta noticed some clothes sticking out of the Pontiac which upon closer inspection turned out to be his clothes. Just then a man, later identified as the appellant, came out of the locked apartment, ordered Mackta out of the way, and sped off in the Pontiac. Mackta finding his apartment ransacked notified the police, giving them a description of the burglar and the license number of the Pontiac. In a very short time the police picked up Hardison in the Pontiac but the stolen items were never found.

Hardison was charged with burglary on one count, and with being an habitual criminal on a second count. He was convicted of both. His sentence was 1 to 15 years on the burglary and 10 to 50 years for being an habitual criminal.

As grounds for appeal Hardison assigns as error:

1. Fingerprint records used as exemplars were unlawfully obtained in violation of appellant's constitutional rights; therefore, such should have been suppressed as inadmissible evidence.

2. The police officer who obtained the fingerprints from the apartment and the appellant was not qualified as an expert; therefore, the trial court abused its discretion in admitting his testimony as expert opinion evidence.

3. The Nevada statute, NRS 202.360, which makes it a felony crime for an ex-felon to possess a weapon capable of being concealed on his person, is unconstitutional in violation of his right to possess and bear arms. If this is true, the appellant was erroneously found to be an habitual criminal. Even if this is not true, such a felony conviction based on NRS 202.360 is not within the purview of the habitual criminal statute NRS 207.010(1).

4. Since defense counsel had previously been engaged in the prosecution of criminal cases as a member of the Clark County District Attorney staff and had likewise successfully prosecuted the appellant, there was a conflict of interest and appellant was denied the right to adequate defense by his counsel.

5. Count 2 of the information charging appellant with being an habitual criminal does not state a separate offense; therefore, separate sentences were erroneously imposed.

1. It is contended that the fingerprint exemplars used as evidence were obtained in violation of appellant's constitutional rights, therefore, such evidence should have been suppressed and not admitted.

NRS 174.465 requires that motions to suppress evidence shall be made prior to trial. This was not done. Nor was there such objection made at the trial of the case. The issue is now presented for the first time on appeal.

It is a general rule that failure either to utilize the statutory procedures to raise the question prior to trial or to object at the trial of the case will preclude appellate consideration of the issue when presented on appeal. Schaumberg v. State, 83 Nev. 372, 432 P.2d 500 (1967); O'Briant v. State, 72 Nev. 100, 295 P.2d 396 (1956); Cranford v. State, 76 Nev. 113, 349 P.2d 1051 (1960); Garner v. State, 78 Nev. 366, 374 P.2d 525 (1962). However, since appellant's contentions are grounded on constitutional questions this court is obligated to consider them on appeal. Noting that the issue as raised and the arguments advanced in support thereof are identical to those considered and determined in Scott v. State, 83 Nev. 468, 434 P.2d 435 (1967), the contention is rejected as being without merit.

2. The question whether a particular witness is qualified as an expert and should be permitted to give opinion evidence is to be determined by the trial court in its discretion. The weight of his testimony is, of course, a question for the jury. Recognizing this, the trial court, itself, questioned the police officer regarding his qualifications as an expert, then permitted voir dire by the appellant. Satisfied, the trial court then ruled that the fingerprint testimony of the police officer may be introduced as expert testimony.

The record reveals that the police officer had some six months of formal training at the Institute of Applied Science studying fingerprint classification and identification methods. He had some 16 months of in-service tutelage from his supervisor, likewise he studied on his own from monthly F.B.I. fingerprint bulletins. He had lifted almost 1,000 latent fingerprints, made comparison of 600 latent fingerprints with those

in police record, and had made 15 positive comparisons. The appellant stresses the fact that the officer was not experienced in testifying at trial, having done so but once shortly before. This had no relevancy to the question of his expertise. Indeed, it can be said of many well-recognized experts that they have never testified. The trial court acted within the permissible limits of its discretion in receiving the officer's testimony.

3.   Next, it is contended that NRS 202.360, making it a felony crime for a person previously convicted of a felony to possess a weapon capable of being concealed on his person, is violative of the appellant's Second Amendment constitutional right to possess and bear arms. Noting this contention to be a collateral attack on a 1961 conviction which is an integral part of the habitual criminal finding in the present action, the appellant does have requisite standing to raise the relevant question here on appeal. However, based on the rationale of our decision in Harris v. State, 83 Nev. 404, 432 P.2d 929 (1967), the appellant's contention is deemed to be without merit. That case firmly established that the Second Amendment right is not absolute. The provision only applies to the federal government, and absent federal or state constitutional restraints the authority to regulate weapons comes from a state's police powers. This is a valid subject for state regulation.

Thus the adjudication of being an habitual criminal was proper as two prior felony convictions were factually established by the state.

NRS 207.010(1) provides that any person convicted of *"any felony,* who shall previously have been twice convicted * * * shall be adjudged to be an habitual criminal * * *." To say that "any felony" does not contemplate a prior conviction under NRS 202.360 is to ignore the plain wording of this statute. The appellant is in fact and law an habitual criminal within the purview of NRS 207.010(1).

4.   It is contended that, because defense counsel had several years previously been a prosecuting attorney for the district attorney's office and had successfully prosecuted the appellant, a conflict of interest was present and the attorney did not adequately represent the appellant. The basis of this contention appears to be that a former prosecuting attorney is presumed to have a conflict of interest in representing a criminal defendant. Such a presumption is logically unwarranted. Further, the

record is devoid of any showing that defense counsel did not adequately and effectively represent the appellant's interests.

5. The appellant correctly asserts that count 2 of the information, being an habitual criminal, does not charge a separate offense for which a separate sentence could be imposed. Lisby v. State, 82 Nev. 183, 414 P.2d 592 (1966); Hollander v. State, 82 Nev. 345, 418 P.2d 802 (1966).

It is well-recognized that this court has the power to modify erroneous sentences. Lisby v. State, supra; Hollander v. State, supra; Spillers v. State, 84 Nev. 23, 436 P.2d 18 (1968). The sentence is modified to read:

"That Willie Richard Hardison is guilty of the crime of first degree burglarly and that he be punished by imprisonment in the Nevada State Penitentiary for a term from ten to fifty years as provided for under NRS 207.010(1) upon a felony conviction which was followed by proof of the two prior felonies alleged."

The District Court of the Eighth Judicial District is directed to correct its records accordingly.

Affirmed as modified, and so ordered.

THOMPSON, C. J., COLLINS, BATJER, JJ., and O'DONNELL, D. J., concur.