JOHN WESLEY SMITHART, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 6089

December 30, 1970                    478 P.2d 576

*Brown & Meredith,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General; *William J. Raggio,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, BATJER, J.:

The appellant was convicted by a jury of the possession of a narcotic drug and the possession of a dangerous drug, in violation of NRS 453.030 and NRS 454.395.

On February 8, 1969, Sheila Summers, a police informant and auxiliary policewoman for the Reno Police Department, met Carol Hoag at the Ranch House, located in Reno, Nevada. They went to cabin No. 3 at the Ranch House where Carol Hoag revealed that she had some marijuana and there was to be a "pot party" in a few days.

Sheila Summers presented this information to John Kempton, a Reno police officer, who in turn secured a search warrant on February 10, 1969, at 5:13 p.m. At approximately 9:00 p.m. that same evening, officer Kempton and other Reno police officers arrived at the Ranch House and commenced an observation of cabin No. 3.

The appellant and Larry King entered cabin No. 3 at approximately 10:50 p.m., five minutes later Sheila Summers and Carol Hoag entered the cabin. At 11:00 p.m. the officers knocked on the door of the cabin and asked to speak with the appellant. The lights inside the cabin were immediately extinguished. The police continued knocking on the door and it was opened by someone from the inside. Upon gaining entry the police officers arrested the individuals in the cabin and searched their persons and the cabin.

The search produced a marijuana cigarette, marijuana residue in the toilet basin and on a paper towel in the bathroom; some paper used for rolling cigarettes, a shoe box with marijuana residue and a vial of marijuana residue. The searching officers also found a vial of pills on the person of the appellant.

Incident to the arrests and subsequent to the search, the state sought indictments. The grand jury returned three indictments. The first two were dismissed because the state had failed to produce a transcript of the grand jury proceedings. The third indictment was accompanied by the required transcript and charged the appellant with the possession of marijuana and with the unlawful possession of a dangerous drug, methamphetamine hydrochloride, in violation of NRS 454.395.

The appellant and Carol Hoag were tried as co-defendants. The jury returned verdicts against both of them.

As the appellant's first assignment of error he claims that the search of cabin No. 3 was illegal because the search warrant was improperly secured, and that the provisions within the search warrant did not conform to the laws of this state. In Hardison v. State, 84 Nev. 125, 437 P.2d 868 (1968), this court held: "NRS 174.465 [cf. NRS 174.125] requires that motions to suppress evidence shall be made prior to trial. This was not done. Nor was there such objection made at the trial of the case. The issue is now presented for the first time on appeal.

"It is a general rule that failure either to utilize the statutory procedures to raise the question prior to trial or to object at the trial of the case will preclude appellate consideration of the issue when presented on appeal [citations omitted]. However,

since appellant's contentions are grounded on constitutional questions this court is obligated to consider them on appeal."

This case and Hardison v. State, supra, are distinguishable because there questionable evidence was admitted into evidence, while here the search warrant and accompanying papers were not admitted into evidence. The search warrant was not before the trial court, therefore its contents are not reviewable on this appeal.

However, the manner in which the search warrant was executed is reviewable even though no motion to suppress was made before or during trial. Hardison v. State, supra; NRS 174.125.

The appellant contends that the search warrant was defective because it was not executed immediately after its issuance. NRS 179.045(3).[1] The word "forthwith" must be read in the light of NRS 179.075(1), which provides: "The warrant may be executed and returned only within 10 days after its date." Here the warrant was served and returned within 10 days. The provisions of both statutes have been met and the requirement that service be made forthwith has been satisfied.

The appellant next asserts that the police officers improperly searched his person without the benefit of a search warrant. The record does not support this contention. The arresting officers testified that the appellant did not enter the cabin until 10 minutes prior to the arrest and before then they had no reason to believe he would be present. In Derouen v. Sheriff, 85 Nev. 637, 461 P.2d 865 (1969), this court decided that Chimel v. California, 395 U.S. 752 (1969), which limits a warrantless search to the arrestee's person and the area "within the immediate control" to discover and remove weapons and to seize evidence in order to prevent its concealment or destruction, would only receive prospective application. The search of the appellant's person met the *Chimel* test. However, the arrest of the appellant and the search of the premises took place on February 10, 1969, some five months prior to the decision in

[1]NRS 179.045(3): "The warrant shall direct that it be served in the daytime, unless the magistrate, upon a showing of good cause therefor, inserts a direction that it be served at any time."

*Chimel,* therefore the constitutional standards for a warrantless search then in effect which allowed a search in the immediate vicinity of the arrest were met. Thurlow v. State, 81 Nev. 510, 406 P.2d 918 (1965); Stoner v. California, 376 U.S. 483 (1964). The incriminating evidence obtained from the person of the appellant and from the one room cabin where the arrest and search took place were all admissible under the standards announced by the United States Supreme Court prior to *Chimel.* United States v. Rabinowitz, 339 U.S. 56 (1950) and Harris v. United States, 331 U.S. 145 (1947).

After the arrest of appellant and the search of the one room cabin the police searched the main ranch house. It is conceded by the respondent that the search of that premises was improper. However, a review of the record shows that the appellant was not prejudiced by the search of the ranch house because none of the evidence acquired was introduced at the trial. On appeal this court will not consider anything outside the trial record. Lindauer v. Allen, 85 Nev. 430, 456 P.2d 851 (1969); A Minor v. State, 85 Nev. 323, 454 P.2d 895 (1969); Wilson v. Wilson, 55 Nev. 57, 24 P.2d 317 (1933); Clark County v. State, 65 Nev. 490, 199 P.2d 137 (1948).

During the trial Carol Hoag, the co-defendant, took the stand and testified about her presence in the cabin on the night of her arrest. Earlier in the trial the judge sustained the appellant's objection to the introduction of any evidence offered by Carol Hoag that was hearsay as to him, and instructed the jury to consider the evidence only with regard to her. The appellant asserts that Bruton v. United States, 391 U.S. 123 (1968), is controlling and that the instruction given by the trial judge was insufficient to avoid prejudice.

The *Bruton* case is not controlling. There the co-defendant did not take the stand. Instead a third party testified as to a confession made by the co-defendant. The court held that the constitutional right to confrontation of witness was denied the appellant. This case is distinguishable. The right of confrontation was clearly present. The co-defendant was subject to direct as well as cross-examination by the appellant. In the giving of the special instruction on this point, the trial court went beyond any constitutional obligation to assure a fair trial to the appellant.

Among his other contentions the appellant claims that he was denied his constitutional right to effective representation by counsel. It is presumed that an attorney has fully discharged his duties. This presumption can only be overcome by strong and convincing proof to the contrary. Bean v. State, 86 Nev. 80, 465 P.2d 133 (1970). This record does not contain evidence of incompetency upon the part of the appellant's trial counsel.

The appellant claims that there was no evidence introduced to show that the diet pills taken from his person were dangerous drugs as defined in NRS 454.220(2).[2] The chief chemist for the Nevada State Health Division was called as an expert witness by the state. He testified that the pills in question bore the federal caution and that they could not be dispensed without a prescription from a licensed physician. The appellant did not have such a prescription. The diet pills were clearly within the provisions of NRS 454.220 and there was sufficient evidence to support the determination that they were dangerous drugs.

The appellant asserts that Sheila Summers, as a police officer, should have given Carol Hoag the Miranda warnings on February 8, 1969, when the parties met and Carol Hoag divulged her plans to have a "pot party." If such warnings were required, any statements made after that date and prior to the warnings given at the time of arrest would be inadmissible. Miranda v. Arizona, 384 U.S. 436 (1966). In Schaumberg v. State, 83 Nev. 372, 432 P.2d 500 (1967), we held the principles announced in *Miranda* and *Escobedo* (378 U.S. 478 (1964)) are to protect against the "potentiality for compulsion" that may be present in custodial interrogation, and in State v. Billings, 84 Nev. 55, 436 P.2d 212 (1968), we held that volunteered statements, not the result of police interrogation, are not subject to *Miranda* protections.

Carol Hoag was not in custody at the time of her initial conversation with Sheila Summers, nor at any time between then

---

[2]NRS 454.220(2): " 'Dangerous drug' means any drug unsafe for self-medication or unsupervised use on animals and includes the following:

"Any drug which has been approved by the Food and Drug Administration for general distribution and bears the legend: 'Caution: Federal law prohibits dispensing without prescription.' "

and her arrest two days later. Sheila Summers had no duty to give Carol Hoag the warnings required in Miranda v. Arizona, supra, at their initial conversation, and her intervening statement was properly admissible.

The grand jury returned three indictments against the appellant, the first two unaccompanied by a proper transcript. Appellant claims that it was error to resubmit his case to the same grand jury. This issue is squarely answered in Bonnenfant v. State, 86 Nev. 393, 469 P.2d 401 (1970). Resubmission to the same grand jury is permissible.

Appellant contends that the names of two state witnesses, officers Schmorde and Goodson of the Reno police force were not placed upon the indictment and it was therefore error to allow them to testify at the trial of the appellant. The name of officer Goodson did appear on the third indictment under which appellant was tried, therefore his contention in this regard lacks support in the record. However, the name of the other officer did not appear on the indictment. In Mathis v. State, 82 Nev. 402, 419 P.2d 775 (1966), this court held that it was not error for the trial court to allow witnesses to testify whose names were not endorsed on the indictment because NRS 173.080 (now NRS 173.045), which requires the endorsements of witnesses on an information did not apply to an indictment. Here the trial judge did not abuse his discretion in allowing the officer, whose name was not given on the indictment, to testify. Gallegos v. State, 84 Nev. 608, 446 P.2d 656 (1968).

During the course of the trial the appellant was asked if he was an ex-felon. He now contends that such questioning was improper and highly prejudicial. At the time that question was propounded to the appellant his counsel did not object to the propriety of the question.

In Wilson v. State, 86 Nev. 320, 468 P.2d 346 (1970), we said: "When an appellant fails to specifically object to questions asked or testimony elicited during trial, but complains about them, in retrospect upon appeal, we do not consider his contention as a proper assignment of error. Wyatt v. State [86 Nev. 294, 468 P.2d 338 (1970)]; Cross v. State, 85 Nev. 580, 460 P.2d 151 (1969); Cranford v. State, 76 Nev. 113, 349 P.2d 1051 (1960); State v. Ceja, 53 Nev. 272, 298

P. 658 (1931)." The appellant's contention will not now be considered by this court.

The remainder of the assignments of error specified by appellant were listed as such but were not argued in the briefs, nor was there any authority cited in support thereof. These points have been reviewed by this court and found to be without merit. Riverside Casino v. J. W. Brewer Co., 80 Nev. 153, 390 P.2d 232 (1964).

The judgment is affirmed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.