TOMMY CLARK, Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 6959

September 10, 1973                    513 P.2d 1224

*Morgan Harris,* Public Defender, and *Brian L. Greenspun,*
Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woof-ter,* District Attorney, and *Charles L. Garner,* Deputy District
Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Convicted of second degree murder (NRS 200.010) and
sentenced to a 10-year prison term, appellant asks us to reverse
because of (1) insufficient evidence to sustain the conviction
and, (2) prosecutorial misconduct.

We have examined the record and find sufficient evidence
to sustain the jury verdict. See Cross v. State, 85 Nev. 580,
460 P.2d 151 (1969).

The prosecutor attempted to impeach Charles Murrell, a witness for the defense, by interrogating him about a prior misdemeanor conviction. Defense counsel objected to that question and the trial judge sustained the objection. The appellant made no move for a mistrial, nor did he request to have the jury admonished, nor did he request any special instruction to the jury when the case was submitted.

As a general rule, the failure to move to strike, move for a mistrial, assign misconduct or request an instruction, will preclude appellate consideration. State v. Fouquette, 67 Nev. 505, 221 P.2d 404 (1950). See Cook v. State, 77 Nev. 83, 359 P.2d 483 (1961); Kelley v. State, 76 Nev. 65, 348 P.2d 966 (1960); O'Briant v. State, 72 Nev. 100, 295 P.2d 396 (1956); State v. Boyle, 49 Nev. 386, 248 P. 48 (1926); State v. Moore, 48 Nev. 405, 233 P. 523 (1925). Cf. Merica v. State, 87 Nev. 457, 488 P.2d 1161 (1971); Hardison v. State, 84 Nev. 125, 437 P.2d 868 (1968); Shamberg v. State, 83 Nev. 372, 432 P.2d 500 (1967); and Mathis v. State, 82 Nev. 402, 419 P.2d 775 (1966). See also, Baker v. State, supra.

Since appellant's contentions are grounded upon a statutory prohibition and not upon a constitutional question, and it is apparent from the record that the defense was conducted with a complete understanding of the charge and without any prejudice to any substantive rights of the appellant, we reject this assignment of error because appellant failed to move for a mistrial, or for an admonishment or special instruction to the jury concerning the prosecutor's questioning of the witness Charles Murrell.

Affirmed.