ROBERT LEROY SEPTER, APPELLANT, v. WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 7605

January 30, 1975                                    530 P.2d 1390

*Stanley H. Brown* and *Harold G. Albright,* of Reno, *Rodlin Goff,* State Public Defender, and *Gary Sheerin,* Deputy Public Defender, of Carson City, for Appellant.

*Robert List,* Attorney General, and *Herbert Ahlswede,* Deputy Attorney General, Carson City; and *Robert E. Rose,* District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Robert Leroy Septer was convicted of attempted murder in the first degree and sentenced to not less than five years nor more than twenty years in the Nevada State Prison.[1]

Septer on appeal from denial of his petition for post-conviction relief alleges that his due process rights were violated by being subjected to an unfair and prejudicial lineup, that the prosecutor improperly suggested in-court identifications, that he was charged and convicted of a crime for which no statutory provision exists, that he was improperly convicted of attempted murder in the first degree, that hearsay statements were improperly admitted, that the prosecution improperly commented on his failure to take the stand and testify, that the

---

[1]The appeal of Nathan James Koon was dismissed with prejudice by stipulation. Koon had participated in the crime with Septer.

prosecution made improper and prejudicial statements of his character and description of the crime, and that the prosecution improperly referred to his prior criminal conduct.

1. The prosecution offered into evidence the in-court identification of Septer by the witness who had earlier identified him at a lineup. Whether the lineup was tainted need not be resolved. The record establishes by clear and convincing evidence that the in-court identification was from independent observation of the suspect other than the lineup identification. Moss v. State, 88 Nev. 19, 492 P.2d 1307 (1972); Hampton v. State, 85 Nev. 720, 462 P.2d 760 (1969). There was equally convincing identification of Septer by the victim who was not present at the lineup. Hampton v. State, supra.

2. As to Septer's contention that the prosecution influenced the in-court identifications, the record fails to reflect such conduct. Anyway, absent an objection this court is precluded from considering the matter. Clark v. State, 89 Nev. 392, 513 P.2d 1224 (1973).

3. Under Graves v. Young, 82 Nev. 433, 420 P.2d 618 (1966), Septer's assertion that he was charged with a crime for which no statutory authority exists, attempted murder in the first degree, is without merit.

4. The two theories upon which the charge of attempted murder in the first degree was submitted to the jury were that the attempted killing was committed during the commission of a robbery, and secondly, that it was done willfully, deliberately and with premeditation. NRS 200.030(2) defines killing in the first degree.[2] Included therein are the grounds of this case. Septer argues it is not for the jury to make a finding of attempted first degree murder predicated on a finding that the attempt took place during the commission of a robbery without

---

[2]NRS 200.030(2) states: "Murder of the first degree is murder which is: (a) Perpetrated by means of poison, or lying in wait, torture, or by any other kind of willful, deliberate and premeditated killing; (b) Committed in the perpetration or attempted perpetration of rape, kidnaping, arson, robbery, burglary or sexual molestation of a child under the age of 14 years; or (c) Committed to avoid or prevent the lawful arrest of any person by a peace officer or to effect the escape of any person from legal custody."

making a separate determination whether a robbery was committed, which was not done in this case. The finding of the existence of the robbery is a prerequisite to the fixing of the crime in the first degree, hence, it is not necessary that the jury state in its verdict that it finds that the crime was committed in the perpetration of robbery. State v. Ceja, 53 Nev. 272, 298 P. 658 (1931). Further, there is no lack of sufficient evidence of attempted murder in the first degree on the basis that the attempt was willful, deliberate and premeditated.

5. Where, as here, a party fails to object to the admission of testimony elicited at trial, the purported hearsay testimony offered by the prosecution, this court will not consider the contentions as a proper assignment of error. Moss v. State, supra; Smithart v. State, 86 Nev. 925, 478 P.2d 576 (1970); Wilson v. State, 86 Nev. 320, 468 P.2d 346 (1970).

6. Finally, as to Septer's allegations of improper prosecutorial misconduct for allegedly commenting on Septer's failure to take the stand and testify, making improper statements as to his character and description of the crime and referring to prior criminal conduct, this court has held that failure to object to remarks at the time they are made precludes this court's consideration. Sorce v. State, 88 Nev. 350, 497 P.2d 902 (1972).

However, the serious constitutional consequences that can follow from questionable statements of the prosecutor to the jury call for further comment even though the defendant failed to object when the comments were made. The prosecutor said to the jury during his closing rebuttal:

"If these were not the two defendants that perpetrated this attempted murder and robbery, there would have been some evidence presented to show that they were not at the parking lot at the time this crime was committed, but there were no witnesses called. You didn't hear one bit of evidence from this witness stand to show that the defendants were at any other place other than the parking lot.

"Now put yourselves in the position of either one of these defendants. If you were not there in that parking lot, wouldn't you have presented some evidence to show where you really were? And by the failure to produce this evidence, I think it's very significant."

In Fernandez v. State, 81 Nev. 276, 402 P.2d 38 (1965), the prosecutor said to the jury, "In the defendant's case, as

88

feeble as it was, there was no denial that the defendant ever possessed this device. . . ." Defense counsel moved for a mistrial which was denied. This court held the comment nonreversible. The distinction, we held, in relying on Griffin v. California, 380 U.S. 609 (1965), was whether or not defendant's failure to testify was directly or indirectly the subject of the prosecutor's comment. A reference to evidence or testimony that stood uncontradicted is acceptable. Such was the situation here.

Affirmed.

GUNDERSON, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.