An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE NINTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
DOUGLAS; AND THE HONORABLE
MICHAEL P. GIBBONS, DISTRICT
JUDGE,
Respondents,
    and
GEOFFREY C. TANNER,
Real Party in Interest.

No. 65214

**FILED**

MAY 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER GRANTING PETITION*

This original petition for a writ of prohibition or certiorari challenges a district court order remanding a case to the justice court for an evidentiary hearing to determine whether blood test results used to support real party in interest Geoffrey Tanner's conviction for driving while having an amount of prohibited substance in his blood (marijuana metabolite) should be suppressed. Tanner did not seek to suppress the blood test results in justice court. After his conviction, he filed an appeal in the district court on the grounds that the justice court unconstitutionally applied NRS 484C.110 (DUI statute) and admitted unreliable expert testimony. Subsequently, Tanner sought leave to file a supplemental brief to challenge the admission of the blood test results on the ground that the blood draw was nonconsensual and obtained without a warrant. *See Missouri v. McNeely*, 569 U.S. ___, 133 S. Ct. 1552 (2013). Over the State's objection, the district court granted Tanner's motion.

14-15480

After considering the parties' briefs, the district court concluded that *McNeely* applied to Tanner's case, and, relying on *Hardison v. State*, 84 Nev. 125, 437 P.2d 868 (1968), the district court concluded that it could consider the issue on appeal because it involved a constitutionally protected Fourth Amendment right. Further, because the trial court record did not reveal sufficient facts to "show 1) whether consent was obtained for the blood test and/or 2) whether an exception existed to justify performing the blood test without first obtaining a warrant," the district court remanded the case to the justice court for an evidentiary hearing to determine whether the blood test results should be suppressed. This original petition for a writ of certiorari or prohibition followed.

Because the district court had jurisdiction to consider Tanner's appeal, we conclude that a writ of certiorari or prohibition is not the proper vehicle in which to challenge the district court's decision. *See* NRS 34.020(2) ("The writ [of certiorari] shall be granted in all cases when an inferior tribunal . . . has exceeded the jurisdiction of such tribunal . . . and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy."); NRS 34.320 (providing that a writ of prohibition "arrests the proceedings of any tribunal . . . when such proceedings are without or in excess of the jurisdiction of such tribunal"). Rather, the State's contention more appropriately falls within the scope of mandamus, and we elect to construe the State's pleading as a petition for a writ of mandamus, which is available to compel the performance of an act that the law requires or to control a manifest abuse of discretion. *See* NRS 34.160; *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).

Having considered the petition and the answer, we conclude that relief is warranted. NRS 189.050 provides that a duly perfected appeal from a criminal conviction in justice court "transfers the action to the district court to be judged on the record." The plain language of that statute limits the district court's review of an appeal from a justice court conviction to only matters contained in the trial record. *State v. Catanio*, 120 Nev. 1030, 1033, 102 P.3d 588, 590 (2004) ("We must attribute the plain meaning to a statute that is not ambiguous."). And while *Hardison* observes that constitutional issues may be considered on appeal even though they were not raised in the trial court, nothing in that decision suggests that the trial record may be expanded on appellate review. *See generally Baltazar-Monterrosa v. State*, 122 Nev. 606, 614, 137 P.3d 1137, 1142 (2006) (observing that the failure to object to the admission of evidence generally precludes appellate review of the issue absent plain error affecting a defendant's substantial rights).

Tanner argues that the district court's remand for an evidentiary hearing is supported by this court's decision in *Ryan's Express Transp. Servs. Inc. v. Amador Stage Lines, Inc.*, 128 Nev. ___, 279 P.3d 166 (2012). We disagree. That case concerned a motion filed in this court by Ryan's Express to disqualify a law firm from representing a party to an appeal before this court. Because the motion pleadings were insufficient to determine a discrete issue raised in the pleadings, this court remanded the matter to the district court for an evidentiary hearing on that discrete issue, recognizing that "[a]n appellate court is not particularly well-suited to make factual determinations in the first instance." 128 Nev. at ___, 279 at 172-73. The posture of Tanner's case is significantly different from *Ryan's Express*. Unlike *Ryan's Express*, Tanner's case concerns appellate

review of an unpreserved allegation of trial error where the district court's review is statutorily limited to the trial record.

Because the district court's consideration of Tanner's suppression issue was limited to a review of the trial record, we conclude that it manifestly abused its discretion by remanding the case to the justice court for an evidentiary hearing on the matter. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order remanding Tanner's case for an evidentiary hearing to determine whether his blood test results should be suppressed.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Michael P. Gibbons, District Judge
Attorney General/Carson City
Douglas County District Attorney/Minden
Larry K. Dunn & Associates
Douglas County Clerk