IN THE SUPREME COURT OF THE STATE OF NEVADA

BRAD L. KNOWLTON, AN
INDIVIDUAL,
Appellant,
vs.
WILLIAM L. LINDER, AS TRUSTEE OF
THE WILLIAM L. LINDER AND
MAXINE G. LINDER TRUST OF 1988;
JUEL A. PARKER, AS TRUSTEE OF
THE JUEL A. PARKER FAMILY
TRUST; LISA PARKER, AS TRUSTEE
OF THE JUEL A. PARKER FAMILY
TRUST; LISA PARKER, AN
INDIVIDUAL; AND S. BRUCE
PARKER, AS TRUSTEE OF THE
STEVEN BRUCE PARKER FAMILY
TRUST,
Respondents.

No. 82694

**FILED**

APR 27 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court summary judgment in a business dispute. Eighth Judicial District Court, Clark County; Elizabeth Gonzalez, Judge.

Respondents William Linder, Juel Parker, Lisa Parker, and S. Bruce Barker (the Trustees) controlled 61% of Valley Ascent, LLC (Valley Ascent) on behalf of several trusts. Appellant Brad Knowlton owned 39% of Valley Ascent and served as its manager. After the Trustees removed Knowlton as the manager of Valley Ascent, he filed a complaint alleging that he was wrongfully removed and that the Trustees were causing harm to Valley Ascent. Later, Knowlton divorced his spouse in Utah. Pursuant to the Utah decree of divorce, Knowlton agreed to an assignment of interest (the assignment) that transferred all rights and claims relating to his

SUPREME COURT
OF
NEVADA

(O) 1947A

22-13328

ownership interest in Valley Ascent to his former spouse. Knowlton's former spouse requested that he dismiss his complaint against the Trustees. He refused. The Trustees moved for summary judgment on the ground that Knowlton lacked standing to maintain his complaint because he assigned away all rights and claims relating to his ownership interest in Valley Ascent. The district court agreed and entered summary judgment in favor of the Trustees.

On appeal, Knowlton argues that the district court erroneously concluded that he lacked standing because (1) the Utah decree of divorce, which contained the assignment that transferred his interest in Valley Ascent to his former spouse, was not a final judgment, (2) the assignment unambiguously transferred only his *prospective* rights as an *owner* of Valley Ascent to his former spouse, and (3) his claims as the former *manager* of Valley Ascent survive the assignment. We disagree with each of Knowlton's arguments and affirm.

A summary judgment will be affirmed if this court's de novo review of the trial record—viewed in the light most favorable to the nonmovant—shows "that no genuine issue as to any material fact [remains] and that the moving party is entitled to a judgment as a matter of law." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (alteration in original) (internal quotation marks omitted). Likewise, "[s]tanding is a question of law reviewed de novo." *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011). A party has standing if it "possesses the right to enforce the claim and has a significant interest in the litigation." *Id.* (internal quotation marks omitted).

First, Knowlton argues that the Utah decree of divorce was not a final judgment because (1) it is currently being appealed in Utah, and (2) his motion to alter or amend the decree of divorce was pending in the Utah

SUPREME COURT
OF
NEVADA

(O) 1947A

2

district court when the Nevada district court granted summary judgment. We reject both contentions because Knowlton included no documentation in the trial or appellate records—other than counsel's statements—to show the status of the proceedings in Utah. *See Jain v. McFarland*, 109 Nev. 465, 475-76, 851 P.2d 450, 457 (1993) ("Arguments of counsel are not evidence and do not establish the facts of the case."); *Smithart v. State*, 86 Nev. 925, 930, 478 P.2d 576, 580 (1970) ("On appeal this court will not consider anything outside the trial record."). Due to the inadequate record on appeal, we are unable to conclude that the district court erred by concluding that the Utah decree of divorce was a final judgment.[1] Moreover, Utah law provides that a judgment is final unless a stay has been entered pending appeal, *2DP Blanding, LLC v. Palmer*, 423 P.3d 1247, 1251 (Utah 2017), and Knowlton included nothing in the record to show that the decree of divorce was stayed pending appeal. Thus, this argument is meritless.

Second, Knowlton contends that the assignment only transferred his *prospective* rights as an *owner* of Valley Ascent, so he can still assert *retrospective* claims relating to his ownership interest. If a contract is unambiguous, this court will effectuate the ordinary meaning of the words in the contract. *See Dickenson v. State, Dep't of Wildlife*, 110 Nev. 934, 937, 877 P.2d 1059, 1061 (1994) (stating that summary judgment is improper if the contract is ambiguous). Here, the assignment states that Knowlton assigned to his former spouse "any and all rights, interests, and/or claims related to his ownership interest in Valley Ascent." Because

---

[1]We decline Knowlton's request to take judicial notice of the Utah proceedings because doing so would require this court to go outside of the record to obtain Utah court records. *See Mack v. Estate of Mack*, 125 Nev. 80, 91, 206 P.3d 98, 106 (2009) (stating that, even if cases are related, this court will generally not take judicial notice of records in a separate case).

the assignment plainly and unambiguously states that Knowlton assigned away *any* and *all* claims, we conclude that he assigned away *every* claim (i.e., both prospective and retrospective claims) related to his ownership interest in Valley Ascent. *Cf. Coffee v. Henry*, 240 P.3d 1056, 1057 (Okla. 2010) (stating that "[t]he term 'every' ordinarily means 'any' or 'all'"). Thus, Knowlton lacked standing, as he no longer "possesse[d] the right to enforce" any claim related to his interest in Valley Ascent. *Arguello*, 127 Nev. at 368, 252 P.3d at 208 (internal quotation marks omitted). Because the Trustees were entitled to judgment as a matter of law on the claims relating to Knowlton's former ownership interest, the district court did not erroneously grant summary judgment.

Third, Knowlton contends that his claims for breach of contract, breach of implied covenant of good faith and fair dealing, and breach of fiduciary duty survive in his capacity as the former *manager* of Valley Ascent.[2] Valley Ascent's operating agreement unambiguously states that its "[m]anager shall not have any contractual right to such position." Thus, Knowlton's claims for breach of contract and breach of implied covenant of good faith and fair dealing—both of which require a contract—fail as a matter of law because he had no contractual right to be the manager of Valley Ascent. *See State, Dep't of Transp. v. Eighth Judicial Dist. Court*, 133 Nev. 549, 554, 402 P.3d 677, 682 (2017) (explaining that a breach of contract is the failure to perform a duty created by an agreement); *see also id.* at 555, 402 P.3d at 683 (noting that *contracts* contain "an implied

---

[2]Because Knowlton assigned away his ownership interest in Valley Ascent, he lacked standing to assert these claims derivatively on behalf of the company. *Cf. Parametric Sound Corp. v. Eighth Judicial Dist. Court*, 133 Nev. 417, 424, 401 P.3d 1100, 1106 (2017) (explaining that former shareholders of a company lack standing to bring a derivative claim).

covenant of good faith and fair dealing, which prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other" (internal quotation marks omitted)). Likewise, we reject Knowlton's contention that he can maintain a claim for breach of fiduciary duty as the former manager of Valley Ascent. Knowlton cites only NRS 86.291(3), which states that a limited liability company can be member-managed or manager-managed, but this statute does not show that Valley Ascent or its members owed Knowlton fiduciary duties in his capacity as the manager of the company. Knowlton cited no other authority below or on appeal to show the existence of such a fiduciary duty and therefore he has failed to cogently argue this point. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (stating that we will not consider arguments unsupported by relevant authority); *cf.* NRS 86.298(2) (stating that an operating agreement can impose fiduciary duties *on the manager*). Because Knowlton's claims as the former manager of Valley Ascent fail as a matter of law, the district court correctly granted summary judgment in favor of the Trustees.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Silver

_____, J.
Cadish

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

5

cc:    Hon. Linda Marie Bell, Chief Judge
        Eighth Judicial District Court, Department 11
        Carolyn Worrell, Settlement Judge
        Erickson & Whitaker PC
        Greenberg Traurig, LLP/Las Vegas
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A