| 6 | 281 |
| 7 | 57 |
| 9 | 20 |

---

## THE STATE OF NEVADA, RESPONDENT, *v.* WILLIAM LITTLE, APPELLANT.

INSTRUCTION TO JURY NOT TO FIND HIGHER GRADE OF CRIME.    On a murder trial, the judge instructed the jury that under the law and evidence it would not be justified in finding a verdict for any higher grade of offense than manslaughter : *Held*, on appeal by defendant, not necessarily a charge that the State had made out a case of manslaughter.

CRIMINAL LAW—CHARGE IN DEFENDANT'S FAVOR.    Where a jury in a murder case was charged that it would not be justified under the law and evidence, in finding a verdict for any higher grade of offense than manslaughter : *Held*, that though the instruction (which was authorized by section three hundred and seventy-six of the Criminal Practice Act) might be repugnant to the constitutional clause against charging as to matters of fact, yet it was not to defendant's prejudice, and he could not complain.

APPEAL from the District Court of the Fifth Judicial District, Humboldt County.

Defendant was indicted for the murder of George Lithicote, alleged to have been committed by shooting with a pistol, in Humboldt County, about May 1st, 1870.    Being convicted of manslaughter, he was sentenced to imprisonment in the State prison for five years.

*M. S. Bonnifield,* for Appellant.

It is evident from the instruction, that the State failed to make out a case of murder, and it is to be presumed that under the circumstances the jury would have found a verdict of not guilty. The Court however, said in substance : " Although the State has failed to establish the guilt of the defendant as charged, yet it is my opinion that it has made out a case of manslaughter, and I instruct you so to find." In other words, the judge expressed his opinion as to the guilt of defendant of manslaughter, and instructed the jury to find such a verdict; and that the jury was influenced by his opinion, is evident from the fact that it found a verdict in exact accordance with the instruction.

By the Court, WHITMAN J. :

The appellant was indicted for murder ; tried, and convicted of manslaughter. The only error complained of is, that the Court instructed the jury as follows : " I am satisfied under the law and the evidence that the jury would not be justified in finding a verdict for any higher grade of offense than manslaughter, and will so instruct you." This, appellant argues, was to his prejudice ; claiming that it was in fact an expression of opinion on the part of the Court that the State had made out a case of manslaughter, and an instruction to the jury to so find.

This is a forced construction of the language. The instruction is an advice to the jury upon the question of the innocence of the prisoner of the primary crime charged in the indictment, which, under the statute (Statutes 1861, 474, Sec. 376) the Court has always a right to give, and which the jury may or may not follow ; and a submission of the facts and law to their consideration as to the question of his guilt of the only remaining crime within the range of the indictment. It is possible that the statute referred to may be repugnant to that clause of the Constitution which provides that " judges shall not charge juries in respect to matters of fact." However that may be, the complexion of the present case is not altered ; as admitting such repugnance, the error of the instruction was against the State, and consequently not to appellant's wrong.

A case may be imagined where the instruction would be wrong, as for instance : where the prosecution failed to produce any evidence tending to prove any crime within the indictment. If that is this case, it was the business of the appellant to bring the evidence to this Court for inspection. This has not been done, and therefore the only legal presumption is that the instruction was warranted by the evidence.

A review of the whole charge as contained in the transcript justifies the assertion that the appellant has no cause of complaint. The Court first says : " Gentlemen of the jury—by the statute you are made the judges of the degree of the crime committed, if you find that any was committed at all, by the defendant." Then follows a separate definition of murder in the first and second degree—manslaughter and excusable homicide, closing with the instruction first quoted. No ingenuity can conjure an error therefrom to appellant's prejudice.

The judgment is affirmed.