## THE STATE OF NEVADA, Respondent, *v.* ULYSSES W. HUTCHINSON, Appellant.

Criminal Law—Recommendation by Jury to Full Extent of Punishment. Where the jury in a criminal case rendered a verdict for manslaughter, and recommended that defendant should receive the full extent of punishment allowed by law for that crime; and it was objected that such verdict showed on its face that the jury was prejudiced to defendant's injury: *Held,* that such recommendation did no injury, unless it could be shown that the court was influenced thereby.

Instruction in Murder Case that Certain Facts would not Amount to more than Manslaughter. Where in a murder trial, in which the verdict was manslaughter, the court in its charge set forth the law bearing upon the case in all its possible phases, and also gave an instruction, that " if defendant and deceased were engaged in a violent struggle, in which deceased repeatedly struck defendant on the head with a champagne bottle, and that deceased made the first assault in retaliation of offensive and insulting language, such struggle and striking of defendant would be deemed sufficient provocation to excite an irresistible passion in a reasoning being; and if such passion was actually

excited in defendant, and no interval occurred sufficient for the voice of reason and humanity to be heard, but immediately, and without malice or revenge, and simply in obedience to such sudden violent impulse of passion, defendant stabbed and killed deceased, such killing would not amount to more than manslaughter "; and it was objected that the instruction led to the verdict of manslaughter : *Held*, that the objection was not valid, and that there was no error.

APPEAL from the District Court of the Eighth Judicial District, White Pine County.

Defendant was indicted for the murder of John F. Glennen, committed on June 10th, 1870, in a saloon in Hamilton, White Pine County. The deceased was a porter in the saloon, and appears to have been carrying out a box of empty bottles, and repeatedly asked defendant, who was sitting there, to get up or get out of his way. Defendant refused, and deceased removed or attempted to remove him ; and, upon his replying with abusive and obscene language, deceased struck him with a bottle ; and in the scuffle which ensued defendant inflicted the fatal blow with a knife.

The trial took place in July, 1870, and defendant being convicted of manslaughter was sentenced to the state prison for ten years.

Among the instructions asked by defendant and given by the court, to which reference is made in the opinion, were the following :

" If the jury believe from the evidence that the deceased made an attack upon defendant, and that the assault was so sudden, fierce and violent that a retreat would only increase his danger, then defendant had the right to kill deceased without retreating at all, provided the assault was of such a character as to induce a reasonable man to believe that he was in danger of his life or of receiving great bodily injury."

" If the jury believe from the evidence that the defendant at the time the fatal blow was given had reasonable ground to apprehend danger to his life or great bodily harm, he had a right to defend himself, even to the taking of the life of his assailant, whether there was actual danger or not."

" If the jury believe from the evidence that the defendant at the time the fatal blow was given had reasonable ground to apprehend

danger to his life  or  great bodily injury, and acted under that be-
lief and not a spirit of revenge, he should be acquitted."

" No words of reproval, however grievous, insulting and vile, will
justify an assault upon the person; and if the jury believe from the
evidence that the defendant did use vulgar and approbrious epithets
toward Glennen, this would not justify any assault made by Glen-
nen ; and if such an assault was made in such a manner as to induce
the defendant as a reasonable man to believe that Glennen intended
to inflict upon his person great bodily harm ; that after such assault
was made, defendant in good faith endeavored to avoid the struggle
but was unable so to do, and that defendant gave the blow with the
knife under the belief that it was necessary for him so to do in
order to save his life or to prevent great bodily harm upon his person,
then defendant would be justified in using the knife, and the jury
should acquit."

*H. I. Thornton,* for Appellant.

I. The verdict was contrary to the evidence.   It was a clear
case of justifiable homicide.

II. The jurors knew that their province ended with the return
of guilty of manslaughter ; but they invaded the province of the
court in pursuit of the defendant.   Not satisfied with discharging
their duty, they seek to influence the court in its duty—not satis-
fied with convicting the defendant, they ask the court to inflict the
highest punishment.   This shows bias and prejudice, which was
evidently inconsistent with a fair and impartial verdict.

III. The instruction as to what " would not amount to more than
manslaughter," led to the verdict of manslaughter, while the cir-
cumstances stated should have led conclusively to a verdict of justi-
fiable homicide.

*L. A. Buckner,* Attorney General, for Respondent.

I. The evidence clearly proved defendant guilty of murder.

II. The jury were evidently in doubt whether they should not
find defendant guilty of murder in the second degree, and hence
the recommendation in the verdict that the punishment should be

for the longest term for which he could be sentenced, considering that they could not, under the instruction of the court, convict him of a higher crime than manslaughter.

III. If there was any error in the instruction, it was against the state.

By WHITMAN, J. :

The appellant was indicted for murder, and convicted of manslaughter. It is objected that the verdict is contrary to the evidence. In that there is conflict; and if it were permitted to review and weigh the evidence in a criminal case—which is yet an undecided point in this court—still in the case of a substantial conflict, the verdict of the jury would not be disturbed.

It is urged that the verdict upon its face shows that the jury was prejudiced to appellant's injury. This is the verdict: "We, the jury in the above-entitled case, find the defendant guilty of manslaughter, with the recommendation to the court that the defendant receive the full extent of punishment allowed by the law for this crime." That this latter clause of the verdict is an attempted invasion of the powers of the court is evident; but it is, and must be, without injury, unless it is shown that the court was influenced thereby, which is not pretended. It is not unusual for juries to express opinions somewhat beyond their powers, but though irregular, it is in most cases, as here, rather a harmless eccentricity.

It is claimed by appellant that the court erred in charging the jury thus: "If the defendant and deceased were engaged in a violent struggle, in which the deceased repeatedly struck the defendant upon the head with a champagne bottle—that the deceased had made the first assault upon defendant in retaliation of offensive and insulting language, such struggle and striking of defendant would be deemed a sufficient provocation in law to excite an irresistible passion in a reasonable being; and if the jury believe that such an irresistible passion was actually excited in the breast of defendant—that no interval occurred for the voice of reason and humanity to be heard, and that immediately, without malice or revenge, and simply in obedience to such sudden, violent impulse of

passion, he stabbed Glennon and killed him, such killing would not amount to more than manslaughter." Upon this, counsel for appellant argues: "The instruction leads to a verdict of manslaughter, when the premises given should lead conclusively to a verdict of justifiable homicide."

The instruction complained of in nowise leads to a conviction of manslaughter. It simply withdraws from the jury all considerations as to whether any crime had been committed by the defendant greater than that of manslaughter. Whether he was guilty of that offense or not was clearly left for them to determine. There is no statement in it, that the jury would be justified in finding the defendant guilty of manslaughter or any other crime. So it was held respecting a similar instruction in the case of the *State of Nevada* v. *William Little*, 6 Nev. 281.

The judgment must be affirmed; also the order denying a new trial. It is so ordered.

GARBER, J. having been of counsel, did not participate in the foregoing decision.