PAUL COOK, APPELLANT, *v*. THE STATE
OF NEVADA, RESPONDENT.

No. 4025

February 17, 1958.                    321 P.2d 587

*Samuel T. Bull*, of Reno, for Appellant.

*Grant Sawyer*, District Attorney, Elko County, *Joseph O. McDaniel*, Deputy District Attorney, Elko County,

and *Harvey Dickerson,* Attorney General, of Carson City, for Respondent.

**OPINION**

*Per Curiam:*

Defendant was charged with a gross misdemeanor in that he "did willfully and unlawfully use and have on his person a cheating or thieving device to facilitate removing part of the contents of a slot machine." In his appeal from judgment of conviction, he asserts that the proof was fatally defective in not showing that the slot machine in question was a *licensed* slot machine; that the legislature must have intended so to provide because NRS 465.080 making any of sundry cheating practices a gross misdemeanor refers from time to time to *licensed gambling games.*

Appellant also contends that the proof was fatally lacking in showing that the device in appellant's possession could actually facilitate the removal of the contents of a slot machine. We do not reach these questions. The sole error assigned is refusal of the trial court to give defendant's requested instruction to the jury as follows: "I instruct you to return a verdict of not guilty by reason of the fact that the State has failed to make out a prima facie case against the defendant."

It was not error to refuse such instruction. The proposed instruction is contrary to the provisions of NRS 175.375: "If at any time after the evidence on either side is closed, the court deem the same insufficient to warrant a conviction, it may advise the jury to acquit the defendant. But the jury shall not be bound by such advice, nor must the court for any cause prevent the

jury from giving a verdict, [with certain exceptions not here applicable] * * *." State v. Corinblit, 72 Nev. 202, 298 P.2d 470.

Affirmed.