THOMAS COYEN LEDFORD, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5332

May 14, 1968                                    440 P.2d 902

*Virgil A. Bucchianeri,* of Carson City, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, *Virgil D. Dutt,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, COLLINS, J.:

On September 20, 1966 the Sprouse Reitz variety store in Reno, Nevada, was robbed by a single gunman. A complaint was filed October 7, 1966 charging the appellant, Thomas Coyen Ledford, with the armed robbery.

At the preliminary hearing the state introduced testimony of the store manager and an employee identifying appellant as the robber. Appellant then took the stand in his own behalf and testified to an alibi that he had spent the evening gambling in several Reno casinos.

During the trial of the matter in the district court, appellant again took the stand in his own behalf. He testified to an alibi different from the one given by him at the preliminary hearing. On cross examination, he stated that the events related by him at the preliminary hearing had actually occurred a few days before the date of the robbery and that this fact had recently been discovered through defense counsel's investigative efforts. The jury returned a verdict of guilty on the armed robbery charge.

Appellant then submitted a motion for a new trial on the ground of newly discovered evidence. Supporting the motion were affidavits of various persons setting forth still a different alibi that appellant was in Kingvale, California, on the night of the robbery. This motion was granted and a date was set for the new trial.

At the second trial the state's case consisted of basically the same evidence set forth in the first two proceedings, the identification testimony of the two robbery victims. Appellant's defense consisted entirely of witnesses' testimony that he was in the Kingvale area on the day in question. Appellant did not take the stand at that time. On rebuttal, the state introduced, over objection, Ledford's testimony at the two prior proceedings setting forth two different alibis each of which was inconsistent with the one offered by defendant's witnesses. Ledford

then took the stand and attempted to explain the inconsistencies, saying that he made frequent trips to Reno and that only recent investigation had revealed to him that the events offered by him at the prior proceedings occurred during other visits to Reno. The jury returned a verdict of guilty and this appeal followed.

Appellant's main contention of error before us is that the use of his testimony from a prior trial violates his Fifth Amendment privilege against self-incrimination. We do not agree.

The following statement of the law appears in Edmonds v. United States, 273 F.2d 108 (D.C. Cir. 1959) and is appropriate: "It is generally held, unless a statute directs otherwise, that a defendant in a criminal case who takes the stand in his own behalf and testifies without asserting his privilege against self-incrimination thereby waives the privilege as to the testimony given so that it may be used against him in a subsequent trial of the same case. The fact that the defendant does not take the stand at the second trial does not prevent the use of his testimony given at the former trial, if it would otherwise be admissible. [citing cases]" 273 F.2d at 112–13. Accord, People v. Boyd, 227 P. 783 (Cal.App. 1924); Indian Fred v. State, 282 P. 930 (Ariz. 1929); State v. Tellay, 110 P.2d 342 (Utah 1941); United States v. Grunewald, 164 F.Supp. 644 (S.D.N.Y. 1958). Although our research has uncovered no Nevada case directly in point, there is supporting dicta in State v. Bachman, 41 Nev. 197, 168 P. 733 (1917) which we choose to follow.

During oral argument appellant's counsel also attacked the general admissibility of the evidence in question. We hold that it was proper. It was voluntarily given by the appellant at a time when he was represented by counsel. Miranda v. Arizona, 384 U.S. 436 (1966). It was proper rebuttal evidence,[1] being offered to "explain, repel, counteract, contradict, or disprove" evidence offered by the defendant. Dickerson v. State, 422 P.2d 213 (Okla.App. 1966). Likewise, the fact that these prior statements introduced by the prosecution were inconsistent with their theory of the case did not make them improper. This court in State v. Patchen, 36 Nev. 510, 137 P. 406 (1913) held that the state may introduce statements of the accused and not necessarily be bound by their content.

---

[1]We express no opinion whether the evidence could have been offered by the state as part of its case-in-chief.

Appellant's other specifications of error are either unsupported by the record on appeal or are wholly without merit.

Accordingly, we affirm the appellant's conviction.

THOMPSON, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.