SHERIFF, WASHOE COUNTY, NEVADA, Appellant, v. JERRY DONALD ROBERTSON and ROBERT DUANE ROWEN, Respondents.

No. 7794

October 10, 1974                    526 P.2d 1178

*Robert List,* Attorney General, Carson City; *Robert E. Rose,* District Attorney, and *Jack Alian,* Deputy District Attorney, Washoe County, for Appellant.

*Douglas G. Lohse,* of Reno, for Respondent Robertson.

*G. C. Backus,* of Reno, for Respondent Rowen.

## OPINION

*Per Curiam:*

Respondents were charged with burglary. When the case was submitted to the jury the trial judge was of the opinion that the evidence was insufficient to warrant a conviction, and so instructed the jury. The instruction, in compliance with the language of NRS 175.381, concluded with the words "the jury is not bound by this advice."

One or more of the jurors declined to acquit, resulting in a "hung jury."

When the case was scheduled for another trial respondents filed a petition for habeas corpus, contending retrial would place them in double jeopardy because of the instruction that there was insufficient evidence to convict given at their first trial. The trial court granted their petition for habeas and on this appeal the sole question we need resolve is whether retrial is permissible where a nonbinding instruction to acquit is rejected by the jury.

This court has consistently approved the nonbinding effect of an advised verdict, prescribed by NRS 175.381. Cook v. State, 74 Nev. 51, 321 P.2d 587 (1958); State v. Corinblit, 72 Nev. 202, 298 P.2d 470 (1956).

This court also has consistently held that retrial after a "hung jury" does not constitute double jeopardy. See, for example, Wheeler v. District Court, 82 Nev. 225, 415 P.2d 63 (1966).

The order granting habeas corpus is reversed.