PAUL RAYMOND GEER, Jr., APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 8265

April 15, 1976                                   548 P.2d 946

[Rehearing denied May 13, 1976]

*Alan R. Johns,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George Holt,* District Attorney, and *Elliott A. Sattler* and *Howard Jones,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

A jury found the appellant, Paul Raymond Geer, Jr., guilty of murder and attempted murder. He was sentenced to life imprisonment with possibility of parole on the murder charge and 20 years on the attempted murder charge, the sentences to run concurrently. He has appealed from his judgments of convictions, asserting numerous assignments of errors, which we reject as meritless.

On the evening of November 28, 1973, Geer and his wife visited a bar in North Las Vegas. Geer had just finished a shift

as a sheet metal worker and was attired in his work clothes. He carried on his belt a 4-inch knife that he used in cutting insulation and other materials on the job. The Geers met Raul Ortiz and Warren Ferrell in the bar. A conversation resulted among them that the Geers considered offensive. The verbal exchange became heated. Geer pulled his knife, and he and Ortiz struggled. Ferrell came to Ortiz's rescue, but it required the intercession of the bar owner to separate them. Geer left the bar and went home with his wife. Ortiz collapsed and died from massive blood loss resulting from a stab wound over an inch deep that severed a carotid artery in his neck. Ferrell's arm was cut from elbow to arm pit, severing the nerves and arteries in the process. He was also stabbed through the larynx. Ferrell survived the fracas, but has lost the use of one arm, and his eye has been permanently damaged.

Geer claims that the record below does not support the jury's finding that he was guilty of charges set forth in the Information. This complaint is completely without merit. There is overwhelming evidence of Geer's guilt; and in such cases we shall not disturb the verdict. See Sanders v. State, 90 Nev. 433, 529 P.2d 206 (1974). Geer complains that it was error for the district judge not to advise the jury to acquit. The law with regard to advisory instructions has been developed over the past century. See State v. Little, 6 Nev. 281 (1871); Terrano v. State, 59 Nev. 247, 91 P.2d 67 (1939); State v. Corinblit, 72 Nev. 202, 298 P.2d 470 (1956); Cook v. State, 74 Nev. 51, 321 P.2d 587 (1958). The granting of an advisory instruction to acquit rests within the sound discretion of the court. In the instant case, the district judge was of the opinion that the facts in the record were sufficient to support a finding of premeditation and malice aforethought. A review of the record supports the court's conclusion. The motion for an advisory instruction was properly denied.

Geer would assign error to admission of the testimony of Judy Holyoak, a bartender. She was called during the presentation of the State's case in chief and was questioned regarding the ownership of a truck abandoned by Geer in the parking lot of the bar. At that time she was not permitted to testify as to Geer's past behavior in the bar. The court held, however, that such testimony could become relevant in rebuttal, depending upon what the defense presented. During his testimony, Geer specifically denied having been asked, a week before the

homicide, to leave the bar for causing a disturbance. Miss Holyoak was later called as a rebuttal witness, and she testified that she personally asked Geer to leave because he was drunk, belligerent, cursing loudly, and kicking the dice machine.

Geer moved to strike that testimony, on the grounds that it was irrelevant and immaterial. The motion was properly denied. On appeal, Geer now contends that the testimony should have been stricken as improper character evidence, inadmissible under the provisions of NRS 48.055. Miss Holyoak was called as a witness to rebut a statement made by Geer while on the stand. Where evidence is admitted over a defendant's objection at trial, new grounds for objection may not be raised on appeal. O'Briant v. State, 72 Nev. 100, 295 P.2d 396 (1956).

Next, Geer complains that the district judge erred in failing to define "assault" in his instructions to the jury. He cites Wilkerson v. State, 87 Nev. 123, 482 P.2d 314 (1971), wherein this court held, in an appeal from a judgment of conviction of assault with intent to kill and assault with a deadly weapon, that the term "assault" should have been defined for the jury. The court in Wilkerson refused to reverse, however, on the grounds that the failure to define "assault" was harmless error and the accused's guilt was clear. Wilkerson is distinguishable from this case. In Wilkerson, assault was an essential element of the crime with which the defendant was charged. Here, "assault" is used only in conjunction with issues presenting the defendant's theory of the case, i.e., self-defense. If defense counsel wanted his theory of the case better defined, he should have offered a desired definition of "assault", or at least objected on the record that no definition was given. Failure to make a proper objection on the record will generally preclude appellate consideration in such cases. See Clark v. State, 89 Nev. 392, 513 P.2d 1224 (1973).

As an additional assignment of error, Geer contends that certain exculpatory statements made by him after his arrest did not warrant the giving of an instruction on confession and admission. After being arrested at his home by police and having been warned of his rights, Geer volunteered a brief statement to the officers in which he acknowledged his presence at the bar and being involved in an altercation with the victim. He claimed that he was acting in self-defense and that he had

a right to do what he did. In giving this admission, he placed himself at the crime scene and impliedly identified himself as the person who inflicted the injuries upon the victims. Geer claims it was error to instruct the jury regarding the voluntariness of any admission that may have been made by him. He contends that, since the statements given to the officers were consistent with his theory of the case, they may not be considered as admissions. An admission is an out-of-court statement made by the defendant that tends to prove his guilt. State v. Behiter, 55 Nev. 236, 29 P.2d 1000 (1934). A statement purportedly exculpatory in nature may nevertheless qualify as an admission, if it tends to establish guilt. People v. Sourisseau, 145 P.2d 916, 923 (Cal.App. 1944). The instruction was proper.

Geer finally contends that the trial court erred by increasing his bail during his trial. Under the provisions of NRS 178.499,[1] the trial court may on its own motion increase bail for good cause. We need not undertake the task of examining the exercise of judicial discretion in this matter, for we fail to see how the court's decision could have affected the verdict. The court took precaution to insure that the jury was not made aware that Geer had been returned to custody because he could not make the bail, and the court made certain that Geer's attorney had access to his client. We find no error in the ruling of the court.

The remaining assignments of error are meritless.

We affirm the judgments of the lower court.

GUNDERSON, C. J., and BATJER, ZENOFF, and THOMPSON, JJ., concur.

---

[1]NRS 178.499:

"1. At any time after a district or justice's court has ordered bail to be set at a specific amount, and before acquittal or conviction, the court may upon its own motion or upon motion of the district attorney and after notice to the defendant or to his counsel, increase the amount of bail for good cause shown."