# ROBERT TURNER, Appellant, v. THE STATE OF NEVADA, Respondent.

## No. 12986

March 11, 1982                    641 P.2d 1062

*Richard C. Maurer,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, *Ronald C. Bloxham* and *James N. Tufteland,* Deputy District Attorneys, Las Vegas, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

In 1977, appellant, Robert Turner, was charged with and convicted by jury of the first degree murder of Joe Hicks. He was sentenced to life imprisonment without the possibility of parole. Turner appealed that conviction and we reversed on a ground not relevant to the instant appeal. Turner v. State, 96 Nev. 164, 605 P.2d 1140 (1980).[1]

In 1980, Turner was retried by another jury. During that trial, the prosecution introduced a statement which Turner made to the police shortly after his arrest, in which he admitted shooting Hicks, but claimed he acted in self-defense. Turner did not testify during the second trial and, over objection, his testimony in the first trial was also admitted as part of the state's case-in-chief.

---

[1] *Turner* was subsequently overruled by our decision in Litteral v. State, 97 Nev. 503, 634 P.2d 1226 (1981).

Turner's prior testimony was exculpatory in nature. Part of the testimony concerned Turner's flight to Los Angeles immediately after the shooting and his destruction and sale of the guns used in the incident. That testimony also described the altercation with Hicks over a cocaine transaction which resulted in the shooting. Although there were some internal inconsistencies in the prior testimony, appellant's claim was clearly that Hicks had either drawn a gun first or was in the process of drawing it when Turner shot him. However, an eyewitness to the events leading up to the shooting (but not to the shooting itself) was emphatic that appellant, and not the victim, Hicks, had initially pulled a gun.

The second jury found appellant guilty of first degree murder and after a penalty hearing, again imposed life imprisonment without possibility of parole.

Appellant contends that the trial court committed reversible error by admitting into evidence his former trial testimony and giving an impermissible instruction on self-defense. We find no error warranting reversal and affirm the lower court's decision.

1. *Former Testimony.*

Appellant contends that the use of testimony from his former trial in which he waived his Fifth Amendment privilege, violated that constitutional privilege in the second trial because there was no basis on which to admit the evidence in the prosecution's case-in-chief.[2]

A defendant's Fifth Amendment privilege is not per se violated by the introduction of testimony from a trial or hearing on the same offense. In Edmonds v. United States, 273 F.2d 108 (D.C.Cir. 1959), *cert. denied,* 362 U.S. 977 (1960), the court concluded that a defendant's refusal to take the stand at a second trial does not preclude the use of his testimony given at the first trial, if the evidence is otherwise admissible. *Id.* at 113.

In Ledford v. State, 84 Nev. 342, 440 P.2d 902 (1968), we adopted the *Edmonds* rule. We concluded that the prior testimony challenged in that case was "otherwise admissible" as proper rebuttal evidence. We expressly reserved an opinion as to whether the evidence could have been offered as part of the prosecution's case-in-chief. *Id.* at 344, n. 1, 440 P.2d at 903.

---

[2]Appellant has incidentally claimed that error occurred in the state's use of the victim's sister to read appellant's prior testimony and to demonstrate physical acts of role playing that Turner performed at the first trial. Although we do not condone such use, appellant has failed to cite any relevant authority for his position or to demonstrate prejudice. In the posture of the instant case, we, therefore, consider the claim meritless.

■■ ■

In *Edmonds, supra,* the court determined that it was proper to admit, as part of the prosecution's case-in-chief, prior testimony given by the defendant which constituted an admission.

> [H]aving voluntarily gone on the witness stand in her own behalf on the former trial, and there made statements against her interest, it was entirely competent for the state, on the second trial, to prove those statements as admissions voluntarily made. Admissions made under such circumstances may be proven in the same manner and for the same reasons that admissions made out of court may be proven.

*Id.* at 113 (quoting Rafferty v. State, 16 S.W. 728, 730 (Tenn. 1891)). We find no reason to depart from this *Edmonds* pronouncement and conclude that, if otherwise admissible, a defendant's prior testimony may be introduced at a second trial as part of the state's case-in-chief.

Appellant contends, however, that the prior testimony was neither an admission nor a prior inconsistent exculpatory statement, the bases on which it was offered at the second trial.

NRS 51.035(3)(a) defines an admission as a party's own statement offered against him at trial and provides that admissions are non-hearsay. Turner's prior testimony was clearly offered against him at the second trial; it was an admission. But all evidence, including admissions, must be relevant to be admissible. NRS 48.025. It appears to us that appellant's essential argument is that the prior testimony was irrelevant, because it was not inconsistent with Turner's claim of self-defense.

■■■■■ ■ ■

In Beasley v. State, 81 Nev. 431, 404 P.2d 911 (1965), we determined that a party's admission is relevant, and admissible, if at trial, it is inconsistent with the contention of the party who made the statement. *Id.* at 450, 404 P.2d at 922. The prior testimony in the instant case included appellant's description of his flight from the scene of the shooting to Los Angeles and his efforts to destroy or sell the guns used in the incident. A defendant's conduct, such as flight from a scene of the crime, generally is considered a party admission, and will be admitted if the actions have probative value. *See e.g.,* State v. Townsend, 439 P.2d 70 (Kan. 1968); *McCormick's Law of Evidence,* § 271 (E. Cleary, 2d ed. 1972). We must view such evidence with caution. *See e.g.,* Wong Sun v. United States, 371 U.S. 471, 483, n. 10 (1963); Bailey v. United States, 416 F.2d 1110, 1115 (D.C.Cir. 1969). Nonetheless, we believe that appellant's

description of his actions in this case had probative value in demonstrating consciousness of guilt or wrongful conduct. *Cf.* Matthews v. State, 94 Nev. 179, 576 P.2d 1125 (1978); Theriault v. State, 92 Nev. 185, 547 P.2d 668 (1976) (jury instruction on flight proper when evidence supports inference of intent to avoid arrest). Such conduct is inconsistent with appellant's plea of not guilty and claim of self-defense. *See Beasley, supra.* This part of Turner's prior testimony was clearly a relevant admission and was properly admitted as part of the state's case-in-chief.

The balance of the prior testimony concerned the alleged altercation between the victim, Hicks, and Turner, preceding the shooting of Hicks. Although this testimony was largely supportive of Turner's theory of self-defense at trial, we have stated that it is proper to admit an exculpatory statement as an admission if it tends to establish guilt. Geer v. State, 92 Nev. 221, 548 P.2d 946 (1976). Here, as in *Geer,* the exculpatory testimony placed the defendant at the scene, established that an altercation occurred and that the defendant inflicted harm to the victim, facts which, we conclude, tend to establish guilt.

Thus, we determine that the entire text of Turner's prior testimony was properly admitted on retrial.

2. *The Self-Defense Instruction.*

Appellant argues that the giving of jury instruction No. 25 was error, and that counsel's failure to object at trial should not preclude reversal on this ground. The instruction reads:

> Upon a trial of a charge of murder, it is a defense that the homicide was justifiable.
>
> The burden of proving circumstances which justify the use of force upon another is upon the defendant, but the defendant need not prove such circumstances beyond a reasonable doubt, but such circumstances must be sufficient to raise a reasonable doubt.

Appellant is correct in his assertion that the instruction was improper. *See* St. Pierre v. State, 96 Nev. 887, 620 P.2d 1240 (1980); Kelso v. State, 95 Nev. 37, 588 P.2d 1035, *cert. denied,* 442 U.S. 921 (1979). Both *Kelso* and *St. Pierre* established that virtually identical instructions were impermissible because they could mislead the jury into believing that a defendant claiming self-defense has the burden of proving that defense by a preponderance of evidence. *See also* Mullaney v. Wilbur, 421 U.S. 684 (1975).

Failure to object to an instruction at trial precludes appellate

review unless appellant sufficiently demonstrates "cause" for failure to object and "prejudice" to substantial rights of the defendant. *St. Pierre, supra* at 891, 620 P.2d at 1243. *See also* Wainwright v. Sykes, 433 U.S. 72 (1977), and Francis v. Henderson, 425 U.S. 536 (1976).[3] Our review of the record and appellate briefs indicates that appellant has demonstrated neither cause nor prejudice from the error; thus, we will not reverse on this ground.

Appellant's remaining claims are without merit.[4]

The judgment of conviction is affirmed.

GUNDERSON, C. J., and SPRINGER and MOWBRAY, JJ., and ZENOFF, Sr. J.,[5] concur.

---

[3] In Hankerson v. North Carolina, 432 U.S. 233, 244, n. 8 (1977), the Supreme Court indicated that failure to object to a jury instruction that requires a defendant to prove an element of the crime may be held as a waiver of any claim of error.

[4] Appellant claims that it is "untenable" to permit a defendant whose original conviction and sentence have been overturned to be given an enhanced punishment on retrial for the same offense. Turner's argument is both moot and in the abstract—he received the identical sentence on retrial. We will abstain from addressing issues so postured. *See* Miller v. West, 88 Nev. 105, 493 P.2d 1332, *cert. denied,* 409 U.S. 966 (1972). Appellant's contention that he should have been allowed to waive a jury trial also fails for mootness. Although the state consented to the waiver, appellant has failed to address the fact that the trial court declined to grant its consent to appellant's waiver of a jury trial. Even if we determined that appellant could waive a jury trial, the trial court's refusal to consent to the waiver defeats appellant's claim. *See* NRS 175.011.

[5] THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6, § 19.