# IN THE SUPREME COURT OF THE STATE OF NEVADA

SEAN RODNEY ORTH,
Appellant,
vs.
E.K. MCDANIEL, WARDEN, ELY
STATE PRISON,
Respondent.

No. 67733

FILED

DEC 16 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying appellant Sean Rodney Orth's postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge. Orth argued that he received ineffective assistance from his appellate counsel. We affirm.[1]

To demonstrate ineffective assistance of appellate counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have had a reasonable probability of success on appeal. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113-14 (1996)

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3) (amended effective October 1, 2015), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975). We have reviewed all pro se documents that Orth has submitted to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that Orth has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

16-39176

(applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions, *Strickland*, 466 U.S. at 690, and appellate counsel need not raise every non-frivolous issue or raise meritless issues, *Kirksey*, 112 Nev. at 998, 923 P.2d at 1113-14. We give deference to the district court's factual findings but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Orth argued that appellate counsel should have consulted with him regarding the issues to be raised on appeal. Given appellate counsel's testimony that she consulted with Orth's standby counsel and about her experience and reasons for not consulting with Orth directly, Orth failed to demonstrate that her performance was deficient in this regard. Further, Orth failed to identify what meritorious arguments counsel would have raised had counsel met with him. Accordingly, we conclude that Orth also failed to show prejudice on this claim. The district court did not err in denying this claim.[2]

Second, Orth argued that appellate counsel should have asserted that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding impeachment information regarding cash benefits Z.Z.

---

[2]To the extent that Orth argued counsel would have raised the issues underlying the remaining ineffective-assistance claims, we address each below.

received for his testimony and regarding Z.Z.'s cooperation with law enforcement. The record contains no evidence showing that a cash benefit was conferred—such that the alleged evidence was not withheld, favorable, or material—and shows that Z.Z. cooperated with law enforcement in an unrelated proceeding after Orth's trial concluded and that the cooperation had no connection with Orth's prosecution—such that Z.Z.'s cooperation could not have been disclosed prior to trial and could not have been used to impeach him. Because this *Brady* claim lacks merit, *see Mazzan v. Warden*, 116 Nev. 48, 66-67, 993 P.2d 25, 36-37 (2000) (applying *Brady* and explaining that the State must disclose material, favorable evidence to the defense, including evidence providing grounds to impeach the State's witnesses), we conclude that Orth failed to show that appellate counsel's omission of this claim was deficient or that he suffered prejudice. The district court therefore did not err in denying this claim.

Third, Orth argued that appellate counsel should have asserted that the State violated *Brady* by withholding evidence of a meeting between Z.Z. and Detective Brown at a Scooper's restaurant. After considering Detective Brown's testimony during the postconviction evidentiary hearing, the district court found that the evidence regarding the meeting was not favorable because it did not impeach any witness and was not probative to any material issue. Those findings are entitled to deference. As the evidence was not favorable, this *Brady* claim lacks merit. Accordingly, we conclude that Orth did not show that appellate counsel's failure to raise this meritless claim was deficient or that he suffered prejudice. The district court therefore did not err in denying this claim.

Fourth, Orth argued that appellate counsel should have asserted that the State violated *Brady* by withholding evidence that K.M.

received housing assistance in exchange for her testimony. The district court found that no benefits were conferred and thus that the State did not withhold any such evidence. Those findings are entitled to deference. Accordingly, Orth failed to show that the State withheld evidence that was favorable and material. As this *Brady* claim lacks merit, we conclude that Orth failed to show that appellate counsel was deficient in omitting this claim or that he suffered prejudice. The district court therefore did not err in denying this claim.

Fifth, Orth argued that appellate counsel should have asserted that the State violated *Brady* by withholding K.M.'s mental health records. The district court found that Orth failed to present any evidence that relevant records existed or that K.M.'s mental health history had any connection to this case. That finding is entitled to deference. Accordingly, Orth failed to show that the State withheld evidence that was favorable and material. As this *Brady* claim lacks merit, we conclude that Orth failed to show that appellate counsel was deficient in omitting this claim or that he suffered prejudice. The district court therefore did not err in denying this claim.

Sixth, Orth argued that appellate counsel should have asserted that the State violated *Brady* by withholding video of an interview between L.M. and Detective Keller. Although the interview was not addressed at the postconviction evidentiary hearing, an exhibit submitted in the proceedings below provided a summary of the interview and indicates that the information was not favorable to the defense and, to some extent, would have been inculpatory. This *Brady* claim therefore lacks merit. Accordingly, we conclude that Orth failed to show that appellate counsel was deficient in omitting this claim or that he suffered prejudice. The district court therefore did not err in denying this claim.

Seventh, Orth argued that appellate counsel should have asserted a *Brady* claim regarding the witnesses to the car crash that Orth caused while fleeing the police. Orth presented no evidence in support of this claim at the evidentiary hearing. He thus failed to show that this *Brady* claim had merit. To the extent that Orth asserted that appellate counsel should have raised a compulsory process violation, there was no such violation because he knew of the witnesses and did not issue a subpoena or request a continuance. *See Taylor v. Illinois*, 484 U.S. 400, 410-13 (1988); *Schnepp v. State*, 92 Nev. 557, 562-63, 554 P.2d 1122, 1125-26 (1976). As he did not show that these underlying claims had merit, we conclude that Orth failed to show that appellate counsel was deficient in omitting this claim or that he suffered prejudice. The district court therefore did not err in denying this claim.

Eighth, Orth argued that appellate counsel should have asserted a compulsory process violation when Z.Z. did not return to testify when recalled. As Orth cross-examined Z.Z. extensively, had notice of Z.Z.'s scheduled medical procedure that brought about his unavailability, and did not move to compel Z.Z.'s appearance or to obtain a continuance to arrange his appearance, Orth's compulsory process claim lacks merit.[3] *See Palmer v. State*, 112 Nev. 763, 766, 920 P.2d 112, 113 (1996) (explaining that defendant's right to compel production of witnesses is not absolute); *Collins v. State*, 88 Nev. 9, 13-14, 492 P.2d 991, 993 (1972) (concluding that trial court did not abuse its discretion in disallowing recross-examination where defendant had already thoroughly questioned the

---

[3]The trial court permitted Orth to read into the record Z.Z.'s prior statements, and Orth only sought to return to matters already addressed in Z.Z.'s prior testimony.

witness). As appellate counsel is not required to raise meritless issues and the omitted issue would not have had a reasonable probability of success on appeal, we conclude that Orth has not shown that appellate counsel was ineffective. The district court therefore did not err in denying this claim.

Ninth, Orth argued that appellate counsel should have contested the district court's refusal to admit Z.Z.'s police statements. Z.Z.'s police statements regarding the wristwatch were consistent with his later statements. Accordingly, the police statement was not admissible under NRS 51.035(2)(a) and was not relevant as impeachment.[4] Z.Z.'s statements were not admissible as party admissions, as he was not a party. Accordingly, we conclude that Orth failed to show that appellate counsel was deficient in omitting this claim or that he suffered prejudice. The district court therefore did not err in denying this claim.

Tenth, Orth argued that appellate counsel should have asserted that the State committed prosecutorial misconduct by injecting personal opinion, improperly impeaching his alibi witness, asking K.M. about Orth's custodial status, asking detectives whether they knew of Orth before the robbery, asking detectives about his flight in investigating the robbery charge, and withholding a surveillance video in violation of *Brady*. The State did not inject personal opinion simply by objecting to Orth's inaccurate characterization of Z.Z.'s testimony. *Cf. Jimenez v. State*, 106 Nev. 769, 772, 801 P.2d 1366, 1367-68 (1990) (holding State's comment on evidence during closing argument without expressing personal opinion was not misconduct). The State did not exceed the scope

---

[4]The DNA evidence arguably impeached Z.Z.'s credibility, but did not make his statements admissible under NRS 51.035(2)(a).

of cross-examination in asking about the alibi witness's business dealings when Orth raised that matter on direct examination and the cross-examination went to her credibility. *See* NRS 50.115(2). While the State's reference to a defendant's custodial status is generally improper, *Haywood v. State*, 107 Nev. 285, 287, 809 P.2d 1272, 1273 (1991), the references here were to his *release* from custody, Orth first elicited them, and the State did not act improperly in asking clarifying questions on redirect examination, *cf.* NRS 50.115(2). The record belies Orth's contention that officer testimony created an inference of prior criminal activity. The State did not err in presenting evidence that Orth fled from the police when he knew that they were searching for him in connection with the robbery charges. *See Turner v. State*, 98 Nev. 103, 106, 641 P.2d 1062, 1064 (1982) (holding evidence of flight will be admitted if probative); *Weber v. State*, 121 Nev. 554, 581-82, 119 P.3d 107, 126 (2005) (noting that flight signifies "going away with a consciousness of guilt, for the purpose of avoiding arrest" (internal quotation marks omitted)). The district court found that standby counsel viewed the surveillance video before trial and that the video did not affirmatively show a lack of reflected police lights. The district court's findings in that respect are entitled to deference. Accordingly, the *Brady* claim lacks merit because Orth did not show that the video was withheld or favorable. As Orth did not show that the State's conduct was improper, Orth did not demonstrate prosecutorial misconduct. *See Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). As these prosecutorial misconduct claims lack merit, we conclude that Orth has not shown that appellate counsel was deficient in omitting them or that he suffered prejudice. The district court therefore did not err in denying this claim.

Eleventh, Orth argued that appellate counsel should have asserted that the district court erred in restricting Orth's cross-examination of Z.Z. when it limited Orth's inquiry into Z.Z.'s arrest and relationships with police and the district attorney. While Z.Z.'s prior felony convictions were addressed at trial, his arrest shortly before trial was not a proper ground of impeachment. *See Bushnell v. State*, 95 Nev. 570, 572, 599 P.2d 1038, 1039-40 (1979). Orth also did not identify facts that might have colored Z.Z.'s testimony that he was prevented from eliciting and thus did not identify an abuse of discretion by the trial court that appellate counsel should have challenged. *See id.* at 572, 599 P.2d at 1040. Accordingly, we conclude that Orth failed to show that appellate counsel was deficient in omitting this claim or that he suffered prejudice. The district court therefore did not err in denying this claim.

Twelfth, Orth argued that appellate counsel should have challenged the district court's refusal to dismiss based on a speedy trial violation. Appellate counsel testified that she considered this claim and made a strategic decision not to pursue it, and Orth failed to demonstrate extraordinary circumstances warranting a challenge to this strategic decision. *See Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004). Accordingly, we conclude that Orth failed to show that appellate counsel was deficient in omitting this claim. The district court therefore did not err in denying this claim.

Thirteenth, Orth argued that appellate counsel should have challenged the district court's denial of his motion to suppress evidence found in the Plumas residence because the search warrant was based on less than probable cause. No evidence was presented at the evidentiary hearing on this claim, and the record shows that police had probable cause to obtain the search warrant; thus, Orth did not show that his suppression

SUPREME COURT
OF
NEVADA

(O) 1947A

8

claim was meritorious. Accordingly, we conclude that Orth failed to show that appellate counsel was deficient in omitting this claim or that he suffered prejudice. The district court therefore did not err in denying this claim.

Fourteenth, Orth argued that appellate counsel should have argued that NRS 484.348 (now codified as NRS 484B.550) was vague because it did not define "readily identifiable vehicle." Having considered the two tests for vagueness, *see State v. Castaneda*, 126 Nev. 478, 481-82, 245 P.3d 550, 553 (2010), we conclude that the statute is not vague. Because this challenge lacks merit, Orth failed to show that appellate counsel was deficient in omitting this claim or that he suffered prejudice. The district court therefore did not err in denying this claim.

Fifteenth, Orth argued that appellate counsel should have challenged the State's failure to contradict its own witness when that police officer's testimony differed from another officer's testimony. Orth had the opportunity to cross-examine the officers at trial, and any discrepancies in their testimony were a matter of credibility for the jury. *See McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). As he did not show that the underlying claim had merit, we conclude that Orth failed to show that appellate counsel was deficient in omitting this claim or that he suffered prejudice. The district court therefore did not err in denying this claim.

Sixteenth, Orth argued that appellate counsel should have argued that the trial court erred in rejecting his motion to compel disclosure of Reno Police Department policies on vehicular pursuits. As the balance of interests in this case weighs heavily against disclosure, *see Donrey of Nev., Inc. v. Bradshaw*, 106 Nev. 630, 635-36, 798 P.2d 144, 147-48 (1990) (explaining that when a defendant moves for production of a

public record, the court must balance the law enforcement interest in nondisclosure with the general policy in favor of open access to government records), we conclude that the underlying claim lacks merit. Accordingly, Orth did not show that appellate counsel was deficient in omitting this claim or that he suffered prejudice. The district court therefore did not err in denying this claim.

Seventeenth, Orth argued that appellate counsel should have argued that the trial court erred by not giving a duress instruction. Orth's failure to request that instruction waived this appellate claim absent error that was patently prejudicial and required the trial court to give the instruction sua sponte. *See McKenna v. State*, 114 Nev. 1044, 1052, 968 P.2d 739, 745 (1998) (precluding appellate review of unrequested jury instructions unless instruction's absence is patently prejudicial). We agree with the district court that there was no evidence of duress and therefore Orth would not have been entitled to an instruction. *Williams v. State*, 99 Nev. 530, 531, 665 P.2d 260, 261 (1983) (explaining that defendant is entitled to jury instruction on defense theory of the case so long as *some* evidence supports the theory). As this jury-instruction claim lacks merit, Orth failed to show that appellate counsel was deficient in omitting this claim or that he suffered prejudice. The district court therefore did not err in denying this claim.[5]

Eighteenth, Orth argued that appellate counsel should have argued that two of the officers lied in their trial testimony. The district court found that Orth did not show that the officers lied and that Orth's

---

[5]To the extent that Orth argued that standby counsel was ineffective in not requesting this instruction, Orth had no right to the effective assistance of standby counsel and thus did not state a meritorious claim. *See McConnell v. State*, 125 Nev. 243, 252, 212 P.3d 307, 314 (2009).

own account of the events was not credible. The district court's findings are entitled to deference. Based on those findings, this claim lacks merit. Accordingly, Orth failed to show that appellate counsel was deficient in omitting this claim or that he suffered prejudice. The district court therefore did not err in denying this claim.

Nineteenth, Orth argued that cumulative error compels relief. Even assuming that instances of counsel's deficiency may be cumulated for purposes of establishing prejudice, *see McConnell*, 125 Nev. at 259, 212 P.3d at 318, Orth failed to identify any instances of deficient performance to cumulate.

Having considered Orth's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:    Hon. Elliott A. Sattler, District Judge
       Sean Rodney Orth
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk